1   DAVID R. STEWART, State Bar No. 271182
        Email:  dstewart@wsgr.com
2   STEFANI E. SHANBERG, State Bar No. 206717
        Email: sshanberg@wsgr.com
3   ROBIN L. BREWER, State Bar No. 253686
        Email: rbrewer@wsgr.com
4   WILSON SONSINI GOODRICH & ROSATI
    Professional Corporation
5   650 Page Mill Road
    Palo Alto, CA 94304-1050
6   Telephone:  (650) 493-9300
    Facsimile:  (650) 565-5100
7
    Attorneys for Plaintiff
8   GT NEXUS, INC.

9

**ORIGINAL FILED**

MAY - 2 2011

Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| GT NEXUS, INC., a Delaware corporation, | ) CASE NO.: CV 11-02145 JCS |
| Plaintiff, | ) |
| | ) **COMPLAINT FOR** |
| | ) **DECLARATORY JUDGMENT** |
| v. | ) |
| | ) |
| INTTRA INC., a Delaware corporation, | ) **DEMAND FOR JURY TRIAL** |
| | ) |
| Defendant. | ) |
| | ) |

GT Nexus, Inc. ("GT Nexus") hereby alleges for its Complaint against Defendant Inttra, Inc. ("Inttra"), on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows:

## THE PARTIES

1.      Plaintiff GT Nexus is a Delaware corporation with its principal place of business in Oakland, California.  GT Nexus was founded in 1998 and offers a cloud-based collaboration platform to automate supply chain processes for global trade and logistics.  Thousands of companies use software services provided by GT Nexus to optimize the global flow of goods and trade information from order point to final payment.  Buyers, sellers, banks, and logistics

COMPLAINT
CASE NO.:

1    providers collaborate and automate hundreds of supply chain processes using GT Nexus as their

2    single, common technology platform in the cloud.

3         2.     Inttra is a Delaware corporation with its principal place of business in Parsippany,

4    New Jersey.  Inttra was founded in October 2000 and incorporated in January 2001 to compete

5    with GT Nexus in providing a global platform for ocean freight shipping.

6         3.     Inttra and GT Nexus have been described in the press as "arch rivals" and

7    "primary competitors."  An article in The Economist described the business of both companies

8    as follows:

9         Members of supply chains invariably do business with one another over the internet. You
     may not know how to ship a product from, say, Bangladesh to Barbados, but there will be
10   a freight forwarder or express-delivery firm that does. Increasingly services of this kind
     are available online. Some companies, such as INTTRA and GT Nexus, two American
11   firms, now provide specialist web-based platforms capable of doing much of the work for
     logistics managers using ocean freight.  *A survey of logistics: Shining examples – How*
12   *three large and successful companies are using their supply chains to compete*, The
     Economist, Jun. 15, 2006, www.economist.com/node/7032179

13

14                          **JURISDICTION AND VENUE**

15        4.     This Court has subject matter jurisdiction over GT Nexus's asserted causes of

16   action pursuant to 28 U.S.C. §§ 1331 and 1338(a), because those claims arise under the patent

17   laws of the United States, 35 U.S.C. §§ 101, *et seq.*, and under the Federal Declaratory Judgment

18   Act, 28 U.S.C. §§ 2201 and 2202.

19        5.     Personal jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. §§

20   1391(b)-(c) and/or 1400(b) because, *inter alia*, a substantial part of the events giving rise to the

21   claims occurred here, GT Nexus resides in this judicial district, and, on information and belief,

22   Inttra conducts substantial business in this district, including but not limited to facilitating

23   transactions with shippers and freight forwarders in this judicial district and regularly providing

24   services to carriers and customers utilizing the port of Oakland in this judicial district.  Further,

25   Inttra's owners have offices in this judicial district.  In addition, Inttra has conducted business

26   meetings with GT Nexus in this district.

27

28

COMPLAINT                                    -2-
CASE NO.:

**INTRADISTRICT ASSIGNMENT**

6.     Pursuant to Civil Local Rule 3-2(c), this is an Intellectual Property Action to be assigned on a district-wide basis.

**BACKGROUND**

7.     United States Patent Number 7,752,142 ("the '142 patent"), entitled "Common Carrier System" states on its face that it is assigned to Inttra. The '142 patent states that it issued on July 6, 2010. A true and correct copy of the '142 patent is attached hereto as Exhibit A.

8.     United States Patent Number 7,756,794 ("the '794 patent"), entitled "Common Carrier System" states on its face that it is assigned to Inttra. The '794 patent states that it issued on July 13, 2010. A true and correct copy of the '794 patent is attached hereto as Exhibit B.

9.     United States Patent Number 7,761,387 ("the '387 patent"), entitled "Common Carrier System" states on its face that it is assigned to Inttra. The '387 patent states that it issued on July 20, 2010. A true and correct copy of the '387 patent is attached hereto as Exhibit C.

10.     United States Patent Number 7,827,119 ("the '119 patent"), entitled "Common Carrier System" is assigned on its face to Inttra.  The '119 patent states that it issued on November 2, 2010. A true and correct copy of the '119 patent is attached hereto as Exhibit D. The '142 patent, the '794 patent, the '387 patent, and the '119 patent are collectively referred to herein as the "Inttra patents."

11.     On October 12, 2010, Inttra issued a press release announcing the issuance of the '142 patent, the '794 patent, and the '387 patent, which the release asserts "relate to various INTTRA products and services, including multi-carrier track and trace functionality and booking functionality." The release concludes by stating that "[t]he INTTRA patent strategy will protect INTTRA's intellectual property while also encouraging industry-wide e-commerce adoption through various INTTRA partnerships and alliances." Press Release, Inttra, Inc., INTTRA Granted Multi-carrier Track & Trace and Booking Process Patents, Oct. 12, 2010, *available at* http://www.inttra.com/pr/article/inttra-granted-multi-carrier-track---trace-and-booking-process-patents.

1    12.    While the '119 patent had not yet issued at the time of the October 12, 2010 press

2    release, it is related to the three patents listed in the release.  The application for the '119 patent,

3    like the applications for the '142 patent and the '387 patent, is a division of the application for

4    the '794 patent.

5    13.    On April 4, 2011, John DeBenedette, Inttra's Vice President of Commercial, sent

6    an email to John Urban, President of GT Nexus.  In connection with certain unacceptable

7    business demands, the email offered GT Nexus a license to Inttra's intellectual property.  GT

8    Nexus believes the email was referring to the patents that are the subject of this complaint.  It

9    touted Inttra's significant investment in this technology and warned GT Nexus that Inttra intends

10   to reap the rewards of that investment.  The email concluded that GT Nexus should license

11   Inttra's patents now as part of a broader business alliance, set a May deadline for acceptance of

12   Inttra's offer, and threatened increased risks if GT Nexus elected not to do so.

13   14.    Upon reading Inttra's email, GT Nexus concluded that Inttra intends to enforce its

14   patents against GT Nexus if GT Nexus does not license Inttra's patents and enter into an alliance

15   with Inttra by the May deadline.  Inttra has engaged in a longstanding effort to coerce GT Nexus

16   into a business alliance.  Now that Inttra has the Inttra patents, GT Nexus believes that Inttra will

17   use its patents in an attempt to gain leverage against GT Nexus.  In sum, GT Nexus took Inttra's

18   email as a threat to sue it for patent infringement.

19   15.    On information and belief, Inttra and its partners have recently asserted that GT

20   Nexus infringes the Inttra patents in an attempt to pressure GT Nexus's customers and partners

21   to do business with Inttra.  GT Nexus has certain indemnification obligations to its customers.

22   GT Nexus, therefore, files this action not only to protect itself from Inttra's assertions, but also to

23   protect its customers.

24   16.    GT Nexus provides booking and tracking functionality through its Ocean

25   Shipment Execution, otherwise known as Ocean Carrier Portal.  GT Nexus does not believe its

26   products or service infringe the Inttra patents.  Moreover, GT Nexus believes that the Inttra

27   patents are invalid.  GT Nexus, therefore, believes that it does not need a license to the Inttra

28   patents.

COMPLAINT                                  -4-
CASE NO.:

17.     In view of the totality of the circumstances—including the parties' competitive situation; Inttra's attempts to pressure GT Nexus, its customers, and partners by asserting that GT Nexus requires a license to the Inttra patents; and GT Nexus's belief that it needs no such license because it does not infringe Inttra's invalid patents—there exists a substantial and immediate controversy between parties having adverse legal interests establishing that this Court has jurisdiction over this action.  Put another way, GT Nexus believes that the danger that Inttra will sue it alleging infringement of the Inttra patents is real and imminent.  Indeed, Inttra has pressured GT Nexus to license its patents as part of a broader alliance by a May deadline or face increased risks thereafter.   GT Nexus, therefore, desires a prompt and definitive judicial determination and declaration of the parties' respective rights and duties.

## FIRST CAUSE OF ACTION

### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,752,142)

18.     GT Nexus repeats and realleges each and every allegation set forth in Paragraphs 1 through 17 inclusive, and incorporates them by reference herein.

19.     Because Inttra contends that GT Nexus needs to license the Inttra patents, it follows that Inttra believes its '142 patent is valid and infringed by GT Nexus.  As a result of the totality of the circumstances between the parties discussed above, GT Nexus believes that Inttra intends to sue GT Nexus for infringement of the '142 patent.

20.     GT Nexus contends that the '142 patent is invalid because it fails to satisfy the conditions and requirements for patentability as set forth, *inter alia*, in Sections 101, 102, 103, and/or 112 of Title 35 of the United States Code.

21.     On at least the basis that it believes the '142 patent is invalid, GT Nexus does not need a license to the '142 patent, and it has a right to continue providing shipping transaction services without a license to or interference from Inttra's '142 patent.

22.     Accordingly, an actual, valid, and justiciable controversy has arisen and exists between GT Nexus and Inttra.  GT Nexus desires a prompt and definitive judicial determination and declaration that the '142 patent is invalid.  Such a determination and declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and

1  duties.

2  ## SECOND CAUSE OF ACTION

3  **(Declaratory Judgment of Noninfringement of U.S. Patent No. 7,752,142)**

4      23.    GT Nexus repeats and realleges each and every allegation set forth in Paragraphs

5  1 through 22 inclusive, and incorporates them by reference herein.

6      24.    Because Inttra contends that GT Nexus needs to license the Inttra patents, it

7  follows that Inttra believes its '142 patent is valid and infringed by GT Nexus.  As a result of the

8  totality of the circumstances between the parties discussed above, GT Nexus believes that Inttra

9  intends to sue GT Nexus for infringement of the '142 patent.

10      25.    GT Nexus contends that its products and services do not infringe, contribute to the

11  infringement of, or induce others to infringe any valid and enforceable claim of the '142 patent,

12  either directly or indirectly, either literally or under the doctrine of equivalents.

13      26.    Accordingly, an actual, valid, and justiciable controversy has arisen and exists

14  between GT Nexus and Inttra.  GT Nexus desires a prompt and definitive judicial determination

15  and declaration that its products do not infringe the '142 patent.  Such a determination and

16  declaration is necessary and appropriate at this time in order that the parties may ascertain their

17  respective rights and duties.

18  ## THIRD CAUSE OF ACTION

19  **(Declaratory Judgment of Invalidity of U.S. Patent No. 7,756,794)**

20      27.    GT Nexus repeats and realleges each and every allegation set forth in Paragraphs

21  1 through 26 inclusive, and incorporates them by reference herein.

22      28.    Because Inttra contends that GT Nexus needs to license the Inttra patents, it

23  follows that Inttra believes its '794 patent is valid and infringed by GT Nexus.  As a result of the

24  totality of the circumstances between the parties discussed above, GT Nexus believes that Inttra

25  intends to sue GT Nexus for infringement of the '794 patent.

26      29.    GT Nexus contends that the '794 patent is invalid because it fails to satisfy the

27  conditions and requirements for patentability as set forth, *inter alia*, in Sections 101, 102, 103,

28  and/or 112 of Title 35 of the United States Code.

30.     On at least the basis that it believes the '794 patent is invalid, GT Nexus does not need a license to the '794 patent, and it has a right to continue providing shipping transaction services without a license to or interference from Inttra's '794 patent.

31.     Accordingly, an actual, valid, and justiciable controversy has arisen and exists between GT Nexus and Inttra.  GT Nexus desires a prompt and definitive judicial determination and declaration that the '794 patent is invalid.  Such a determination and declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties.

### FOURTH CAUSE OF ACTION

### (Declaratory Judgment of Noninfringement of U.S. Patent No. 7,756,794)

32.     GT Nexus repeats and realleges each and every allegation set forth in Paragraphs 1 through 31 inclusive, and incorporates them by reference herein.

33.     Because Inttra contends that GT Nexus needs to license the Inttra patents, it follows that Inttra believes its '794 patent is valid and infringed by GT Nexus.  As a result of the totality of the circumstances between the parties discussed above, GT Nexus believes that Inttra intends to sue GT Nexus for infringement of the '794 patent.

34.     GT Nexus contends that its products and services do not infringe, contribute to the infringement of, or induce others to infringe any valid and enforceable claim of the '794 patent, either directly or indirectly, either literally or under the doctrine of equivalents.

35.     Accordingly, an actual, valid, and justiciable controversy has arisen and exists between GT Nexus and Inttra.  GT Nexus desires a prompt and definitive judicial determination and declaration that its products do not infringe the '794 patent.  Such a determination and declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties.

### FIFTH CAUSE OF ACTION

### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,761,387)

36.     GT Nexus repeats and realleges each and every allegation set forth in Paragraphs 1 through 35 inclusive, and incorporates them by reference herein.

37. Because Inttra contends that GT Nexus needs to license the Inttra patents, it follows that Inttra believes its '387 patent is valid and infringed by GT Nexus. As a result of the totality of the circumstances between the parties discussed above, GT Nexus believes that Inttra intends to sue GT Nexus for infringement of the '387 patent.

38. GT Nexus contends that the '387 patent is invalid because it fails to satisfy the conditions and requirements for patentability as set forth, *inter alia*, in Sections 101, 102, 103, and/or 112 of Title 35 of the United States Code.

39. On at least the basis that it believes the '387 patent is invalid, GT Nexus does not need a license to the '387 patent, and it has a right to continue providing shipping transaction services without a license to or interference from Inttra's '387 patent.

40. Accordingly, an actual, valid, and justiciable controversy has arisen and exists between GT Nexus and Inttra. GT Nexus desires a prompt and definitive judicial determination and declaration that the '387 patent is invalid. Such a determination and declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties.

## SIXTH CAUSE OF ACTION

### (Declaratory Judgment of Noninfringement of U.S. Patent No. 7,761,387)

41. GT Nexus repeats and realleges each and every allegation set forth in Paragraphs 1 through 40 inclusive, and incorporates them by reference herein.

42. Because Inttra contends that GT Nexus needs to license the Inttra patents, it follows that Inttra believes its '387 patent is valid and infringed by GT Nexus. As a result of the totality of the circumstances between the parties discussed above, GT Nexus believes that Inttra intends to sue GT Nexus for infringement of the '387 patent.

43. GT Nexus contends that its products and services do not infringe, contribute to the infringement of, or induce others to infringe any valid and enforceable claim of the '387 patent, either directly or indirectly, either literally or under the doctrine of equivalents.

44. Accordingly, an actual, valid, and justiciable controversy has arisen and exists between GT Nexus and Inttra. GT Nexus desires a prompt and definitive judicial determination

1  and declaration that its products do not infringe the '387 patent. Such a determination and

2  declaration is necessary and appropriate at this time in order that the parties may ascertain their

3  respective rights and duties.

### SEVENTH CAUSE OF ACTION

### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,827,119)

6      45.    GT Nexus repeats and realleges each and every allegation set forth in Paragraphs

7  1 through 44 inclusive, and incorporates them by reference herein.

8      46.    Because Inttra contends that GT Nexus needs to license the Inttra patents, it

9  follows that Inttra believes its '119 patent is valid and infringed by GT Nexus. As a result of the

10  totality of the circumstances between the parties discussed above, GT Nexus believes that Inttra

11  intends to sue GT Nexus for infringement of the '119 patent.

12      47.    GT Nexus contends that the '119 patent is invalid because it fails to satisfy the

13  conditions and requirements for patentability as set forth, *inter alia*, in Sections 101, 102, 103,

14  and/or 112 of Title 35 of the United States Code.

15      48.    On at least the basis that it believes the '119 patent is invalid, GT Nexus does not

16  need a license to the '119 patent, and it has a right to continue providing shipping transaction

17  services without a license to or interference from Inttra's '119 patent.

18      49.    Accordingly, an actual, valid, and justiciable controversy has arisen and exists

19  between GT Nexus and Inttra. GT Nexus desires a prompt and definitive judicial determination

20  and declaration that the '119 patent is invalid. Such a determination and declaration is necessary

21  and appropriate at this time in order that the parties may ascertain their respective rights and

22  duties.

### EIGHTH CAUSE OF ACTION

### (Declaratory Judgment of Noninfringement of U.S. Patent No. 7,827,119)

25      50.    GT Nexus repeats and realleges each and every allegation set forth in Paragraphs

26  1 through 49 inclusive, and incorporates them by reference herein.

27      51.    Because Inttra contends that GT Nexus needs to license the Inttra patents, it

28  follows that Inttra believes its '119 patent is valid and infringed by GT Nexus. As a result of the

1   totality of the circumstances between the parties discussed above, GT Nexus believes that Inttra

2   intends to sue GT Nexus for infringement of the '119 patent.

3       52.     GT Nexus contends that its products and services do not infringe, contribute to the

4   infringement of, or induce others to infringe any valid and enforceable claim of the '119 patent,

5   either directly or indirectly, either literally or under the doctrine of equivalents.

6       53.     Accordingly, an actual, valid, and justiciable controversy has arisen and exists

7   between GT Nexus and Inttra.  GT Nexus desires a prompt and definitive judicial determination

8   and declaration that its products do not infringe the '119 patent.  Such a determination and

9   declaration is necessary and appropriate at this time in order that the parties may ascertain their

10  respective rights and duties.

11                              **PRAYER FOR RELIEF**

12      WHEREFORE, plaintiff GT Nexus requests entry of judgment in its favor and against

13  defendant Inttra as follows:

14      a.      Declaring that the claims of the '142 patent, the '794 patent, the '387 patent, and

15  the '119 patent are invalid;

16      b.      Declaring that GT Nexus has not infringed, induced others to infringe, or

17  contributed to the infringement of any valid claim of the '142 patent, the '794 patent, the '387

18  patent, and the '119 patent either directly or indirectly, either literally or under the doctrine of

19  equivalents;

20      c.      Enjoining Inttra, its officers, owners, partners, employees, agents, parents,

21  subsidiaries, attorneys, and anyone acting in concert or participation with any of them from

22  making any claims that GT Nexus infringes the '142 patent, the '794 patent, the '387 patent, and

23  the '119 patent;

24      d.      Enjoining Inttra, its officers, owners, partners, employees, agents, parents,

25  subsidiaries, attorneys, and anyone acting in concert or participation with any of them from

26  enforcing the '142 patent, the '794 patent, the '387 patent, and the '119 patent against GT

27  Nexus's products and services;

28      e.      Awarding GT Nexus its costs of suit, including reasonable attorneys' fees; and

1       f.     Granting such other and further relief as this Court may deem just and

2   appropriate.

3

4   Dated: May 2, 2011                WILSON SONSINI GOODRICH & ROSATI
                                          Professional Corporation

5

6                                     By: _____

7                                             Stefani E. Shanberg

8                                     Attorneys for Plaintiff
                                      GT NEXUS, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38 and Civil Local Rule 3-6(a), GT Nexus hereby demands a jury trial of all issues triable by a jury.

Dated: May 2, 2011

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: _____
        Stefani E. Shanberg

Attorneys for Plaintiff
GT NEXUS, INC.