MORGAN, LEWIS & BOCKIUS LLP
Daniel Johnson, Jr., SBN 57409
Michael J. Lyons, SBN 202284
David V. Sanker, SBN 251260
Solandra J. Craig, SBN 263923
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306-2122
Telephone: 650.843.4000
Facsimile: 650.843.4001
Email: djjohnson@morganlewis.com
Email:  mlyons@morganlewis.com
Email:  dsanker@morganlewis.com
Email:  scraig@morganlewis.com

Attorneys for Defendant and Counter-Plaintiff
INTTRA, INC.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| GT NEXUS, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>INTTRA, INC., a Delaware corporation,<br><br>    Defendant.<br>  and<br><br>INTTRA, INC., a Delaware corporation,<br><br>    Counter-Plaintiff,<br><br>  v.<br><br>GT NEXUS, INC., a Delaware corporation, CROWLEY MARITIME CORPORATION, a Delaware corporation, CROWLEY LINER SERVICES, INC., a Delaware corporation, INDEPENDENT CONTAINER LINE, LTD., a Bahamas corporation,  SEABOARD MARINE, LTD., INC., a Liberian corporation, SEA STAR LINE, LLC, a Delaware corporation, TURKON LINES AMERICA, INC., a Turkish corporation, BACARDI-MARTINI PRODUCTION, a French corporation,<br>    Counter-Defendants. | Case No. 4:11-cv-02145-SBA<br><br>**INTTRA, INC.'S ANSWER TO GT NEXUS, INC.'S COMPLAINT FOR DECLARATORY JUDGMENT AND INTTRA'S COUNTERCLAIMS FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 22646767.1

INTTRA'S ANSWER TO COMPLAINT FOR
DECLARATORY JUDGMENT;  4:11-cv-2145-SBA

Defendant INTTRA, Inc. ("INTTRA"), hereby files its Answer and Counterclaims to the Complaint of GT Nexus, Inc. ("GT Nexus") stating as follows:

## THE PARTIES

1.        INTTRA admits that GT Nexus is a Delaware corporation with its principal place of business in Oakland, California.  INTTRA admits that GT Nexus was founded in 1998. INTTRA lacks knowledge or information to form a belief regarding the remainder of the allegations of paragraph 1, and on that basis denies them.

2.    INTTRA admits that it is a Delaware corporation with its principal place of business in Parsippany, New Jersey.  To the extent not expressly admitted, INTTRA denies the allegations in paragraph 2.

3.    INTTRA lacks knowledge or information to form a belief regarding whether INTTRA and GT Nexus have been described in the press as "arch rivals" or "primary competitors," and on that basis denies the allegation.  INTTRA admits that paragraph 3 of the Complaint correctly quotes an incomplete excerpt of a June 15, 2006 article from The Economist.  INTTRA notes that this excerpt does not identify INTTRA and GT Nexus as "arch rivals" or "primary competitors."

## JURISDICTION AND VENUE

4.    The allegations in paragraph 4 are legal conclusions to which no responsive pleading is required.

5.    INTTRA admits that jurisdiction and venue are proper in this Court, and thus the remainder of the allegations in paragraph 5 of the Complaint are moot.

## INTRADISTRICT ASSIGNMENT

6.    The allegations in paragraph 6 are legal conclusions to which no responsive pleading is required.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 22646767.1

1

INTTRA'S ANSWER TO COMPLAINT FOR
DECLARATORY JUDGMENT;  4:11-cv-2145-SBA

## <u>BACKGROUND</u>

7.   INTTRA admits that U.S. Patent No. 7,752,142 was issued July 6, 2010, and is assigned to INTTRA.

8.   INTTRA admits that U.S. Patent No. 7,756,794 was issued July 13, 2010, and is assigned to INTTRA.

9.   INTTRA admits that U.S. Patent No. 7,761,387 was issued July 20, 2010, and is assigned to INTTRA.

10. INTTRA admits that U.S. Patent No. 7,827,119 was issued November 2, 2010, and is assigned to INTTRA.

11. INTTRA admits the allegations of paragraph 11.

12. INTTRA admits the '119 patent was not issued at the time of the October 12, 2010 press release. INTTRA admits the '119 patent, like the applications for the '142 and the '387 patent, is a division of the application for the '794 patent, and the '119 patent is thus related to the three patents listed in the release.

13. INTTRA admits that on April 4, 2011, John DeBenedette, INTTRA's Vice President of Commercial sent an email to John Urban, President of GT Nexus.  INTTRA admits that the email offered GT Nexus a license and alliance agreement in which INTTRA would make payments to GT Nexus for transactions routed through INTTRA.  INTTRA denies that the email was in connection to certain "unacceptable business demands."  INTTRA admits that the patents referred to in the email are the '142, '794, and '387 patents, three of the patents identified in the Complaint.  INTTRA admits that the email stated that "INTTRA has made a big investment in this technology" and that "[w]e need to reap the rewards of our investment, and the patents and other intellectual property play a role in that."  INTTRA denies that the email set any "May

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 22646767.1

2

INTTRA'S ANSWER TO COMPLAINT FOR
DECLARATORY JUDGMENT; 4:11-cv-2145-SBA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

deadline." To the extent any allegation in paragraph 13 is not expressly admitted herein,

INTTRA denies the allegation.

   14. INTTRA is without knowledge regarding GT Nexus's conclusions or beliefs regarding the

email from John DeBenedette, and on that basis denies them.   INTTRA denies it has engaged in

any effort to coerce GT Nexus into a business alliance. INTTRA is without knowledge or

information sufficient to form a belief as to the remaining allegations of paragraph 14.

   15. INTTRA denies that INTTRA and its partners asserted that GT Nexus infringes the

INTTRA patents in an attempt to pressure GT Nexus's customers and partners to do business

with INTTRA.  INTTRA is without knowledge or information sufficient to form a belief as to the

remaining allegations of paragraph 15.

   16. INTTRA admits that GT Nexus provides booking and tracking functionality through its

Ocean Shipment Execution, otherwise known as Ocean Carrier Portal.  INTTRA denies that its

patents are invalid.  INTTRA is without knowledge or information sufficient to form a belief as to

the remaining allegations of paragraph 16 and, on that basis, denies them.

   17. INTTRA denies that it attempted to pressure GT Nexus, its customers, and partners by

asserting that GT Nexus requires a license to INTTRA's patents.  INTTRA denies that its patents

are invalid.  To the extent that the remaining allegations of paragraph 17 of the Complaint state

legal conclusions, INTTRA is not required to, and does not, admit or deny such allegations.

INTTRA is without knowledge or information sufficient to form a belief as to the remaining

allegations of paragraph 17 and on that basis, denies them.

## RESPONSE TO FIRST CAUSE OF ACTION

   18. INTTRA reasserts and incorporates by reference its responses to each paragraph above.

   19. INTTRA admits that it contends GT Nexus needs to license the INTTRA patents to avoid

infringement.  INTTRA admits that it believes its '142 patent is valid and infringed by GT Nexus.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 22646767.1

3

INTTRA'S ANSWER TO COMPLAINT FOR
DECLARATORY JUDGMENT; 4:11-cv-2145-SBA

INTTRA is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 19.

20. INTTRA denies that the '142 patent is invalid.  INTTRA acknowledges that GT Nexus contends the '142 patent is invalid and that the '142 patent fails to satisfy the conditions and requirements for ptentability as set forth, *inter alia*, in Sections 101, 102, 103 and/or 112 of Title 35 of the United States Code.

21. INTTRA denies that GT Nexus has a right to continue shipping transaction services without a license from INTTRA.  INTTRA is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 21.

22. To the extent that the allegations of paragraph 22 of the Complaint state legal conclusions, INTTRA is not required to, and does not, admit or deny such allegations.  INTTRA is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 22.

## RESPONSE TO SECOND CAUSE OF ACTION

23. INTTRA reasserts and incorporates by reference its responses to each paragraph above.

24. INTTRA admits that it contends GT Nexus needs to license the INTTRA patents to avoid infringement.  INTTRA admits that it believes its '142 patent is valid and infringed by GT Nexus. INTTRA is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 24.

25. INTTRA denies that GT Nexus's products and services do not infringe, contribute to the infringement of, or induce others to infringe any valid and enforceable claim of the '142 patent, either directly or indirectly, either literally or under the doctrine of equivalents, but INTTRA acknowledges that GT Nexus contends otherwise.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 22646767.1

4

INTTRA'S ANSWER TO COMPLAINT FOR
DECLARATORY JUDGMENT;  4:11-cv-2145-SBA

26. To the extent that the allegations of paragraph 26 of the Complaint state legal conclusions, INTTRA is not required to, and does not, admit or deny such allegations.  INTTRA is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 26.

## RESPONSE TO THIRD CAUSE OF ACTION

27. INTTRA reasserts and incorporates by reference its responses to each paragraph above.

28. INTTRA admits that it contends GT Nexus needs to license the INTTRA patents to avoid infringement.  INTTRA admits that it believes its '794 patent is valid and infringed by GT Nexus. INTTRA is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 28.

29. INTTRA denies that the '794 patent is invalid.  INTTRA acknowledges that GT Nexus contends the '794 patent is invalid and that the '794 patent fails to satisfy the conditions and requirements for ptentability as set forth, *inter alia*, in Sections 101, 102, 103 and/or 112 of Title 35 of the United States Code.

30. INTTRA denies that GT Nexus has a right to continue shipping transaction services without a license from INTTRA.  INTTRA is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 30.

31. To the extent that the allegations of paragraph 31 of the Complaint state legal conclusions, INTTRA is not required to, and does not, admit or deny such allegations.  INTTRA is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 31.

## RESPONSE TO FOURTH CAUSE OF ACTION

32.   INTTRA reasserts and incorporates by reference its responses to each paragraph above.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 22646767.1

5

INTTRA'S ANSWER TO COMPLAINT FOR
DECLARATORY JUDGMENT;  4:11-cv-2145-SBA

33. INTTRA admits that it contends GT Nexus needs to license the INTTRA patents to avoid infringement.  INTTRA admits that it believes its '794 patent is valid and infringed by GT Nexus.  INTTRA is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 33.

34. INTTRA denies that GT Nexus's products and services do not infringe, contribute  to the infringement of, or induce others to infringe any valid and enforceable claim of the '794 patent, either directly or indirectly, either literally or under the doctrine of equivalents, but INTTRA acknowledges that GT Nexus contends otherwise.

35. To the extent that the allegations of paragraph 35 of the Complaint state legal conclusions, INTTRA is not required to, and does not, admit or deny such allegations.  INTTRA is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 35.

## RESPONSE TO FIFTH CAUSE OF ACTION

36. INTTRA reasserts and incorporates by reference its responses to each paragraph above.

37. INTTRA admits that it contends GT Nexus needs to license the INTTRA patents to avoid infringement.  INTTRA admits that it believes its '387 patent is valid and infringed by GT Nexus.  INTTRA is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 37.

38. INTTRA denies that the '387 patent is invalid.  INTTRA acknowledges that GT Nexus contends the '387 patent is invalid and that the '387 patent fails to satisfy the conditions and requirements for ptentability as set forth, *inter alia*, in Sections 101, 102, 103 and/or 112 of Title 35 of the United States Code.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 22646767.1

6

INTTRA'S ANSWER TO COMPLAINT FOR
DECLARATORY JUDGMENT;  4:11-cv-2145-SBA

39. INTTRA denies that GT Nexus has a right to continue shipping transaction services without a license from INTTRA.  INTTRA is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 39.

40. To the extent that the allegations of paragraph 40 of the Complaint state legal conclusions, INTTRA is not required to, and does not, admit or deny such allegations.  INTTRA is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 40.

## **RESPONSE TO SIXTH CAUSE OF ACTION**

41. INTTRA reasserts and incorporates by reference its responses to each paragraph above.

42. INTTRA admits that it contends GT Nexus needs to license the INTTRA patents to avoid infringement.  INTTRA admits that it believes its '387 patent is valid and infringed by GT Nexus. INTTRA is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 42.

43. INTTRA denies that GT Nexus's products and services do not infringe, contribute  to the infringement of, or induce others to infringe any valid and enforceable claim of the '387 patent, either directly or indirectly, either literally or under the doctrine of equivalents, but INTTRA acknowledges that GT Nexus contends otherwise.

44. To the extent that the allegations of paragraph 44 of the Complaint state legal conclusions, INTTRA is not required to, and does not, admit or deny such allegations.  INTTRA is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 44.

## **RESPONSE TO SEVENTH CAUSE OF ACTION**

45. INTTRA reasserts and incorporates by reference its responses to each paragraph above.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 22646767.1

7

INTTRA'S ANSWER TO COMPLAINT FOR
DECLARATORY JUDGMENT;  4:11-cv-2145-SBA

46. INTTRA admits that it contends GT Nexus needs to license the INTTRA patents to avoid infringement.  INTTRA admits that it believes its '119 patent is valid and infringed by GT Nexus. INTTRA is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 46.

47. INTTRA denies that the '119 patent is invalid.  INTTRA acknowledges that GT Nexus contends the '119 patent is invalid and that the '119 patent fails to satisfy the conditions and requirements for ptentability as set forth, *inter alia*, in Sections 101, 102, 103 and/or 112 of Title 35 of the United States Code.

48. INTTRA denies that GT Nexus has a right to continue shipping transaction services without a license from INTTRA.  INTTRA is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 48.

49. To the extent that the allegations of paragraph 49 of the Complaint state legal conclusions, INTTRA is not required to, and does not, admit or deny such allegations.  INTTRA is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 49.

## RESPONSE TO EIGHTH CAUSE OF ACTION

50. INTTRA reasserts and incorporates by reference its responses to each paragraph above.

51. INTTRA admits that it contends GT Nexus needs to license the INTTRA patents to avoid infringement.  INTTRA admits that it believes its '119 patent is valid and infringed by GT Nexus. INTTRA is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 51.

52. INTTRA denies that GT Nexus's products and services do not infringe, contribute  to the infringement of, or induce others to infringe any valid and enforceable claim of the '119 patent,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 22646767.1

8

INTTRA'S ANSWER TO COMPLAINT FOR
DECLARATORY JUDGMENT;  4:11-cv-2145-SBA

either directly or indirectly, either literally or under the doctrine of equivalents, but INTTRA acknowledges that GT Nexus contends otherwise.

53. To the extent that the allegations of paragraph 53 of the Complaint state legal conclusions, INTTRA is not required to, and does not, admit or deny such allegations.  INTTRA is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 53.

## RESPONSE TO PRAYER FOR RELIEF

54. INTTRA denies that GT Nexus is entitled to any relief from INTTRA whatsoever, either as prayed or otherwise.

55. INTTRA denies each and every allegation not heretofore specifically admitted.

56. INTTRA joins GT Nexus's demand for a jury trial on all issues triable to a jury.

## AFFIRMATIVE DEFENSES

57. INTTRA asserts the following Affirmative Defenses against GT Nexus's claims and reserves the right to further amend its responses.

## FIRST AFFIRMATIVE DEFENSE

58. The claims of the '387 Patent, the '119 Patent, the '794 Patent and the '142 Patent are valid and enforceable.

## SECOND AFFIRMATIVE DEFENSE

59. GT Nexus has infringed and continues to infringe one or more claims of the '387 Patent, the '119 Patent, the '794 Patent and the '142 Patent through its use, ownership and operation of its supply chain management platform which embodies the patented invention.

## THIRD AFFIRMATIVE DEFENSE

60. INTTRA is entitled to judgment as a matter of law on GT Nexus's claims.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FOURTH AFFIRMATIVE DEFENSE**

61. GT Nexus's allegations fail to state claims upon which relief may be granted.

**FIFTH AFFIRMATIVE DEFENSE**

62. INTTRA adopts and incorporates herein all affirmative defenses available pursuant to Federal Rule of Civil Procedure 8 (or any applicable statute or regulation), to the extent the facts known at this time would make any of said defenses available or facts developed in the future would make same available. No affirmative defense is waived.

**COUNTERCLAIMS**

Defendant and Counterclaimant INTTRA alleges Counterclaims as follows:

**THE PARTIES**

63. INTTRA is a Delaware corporation with its principal place of business in Parsippany, New Jersey.  INTTRA was incorporated in November 2000.

64. GT Nexus is a Delaware corporation having its principal place of business in Oakland, California.

65. On information and belief, Crowley Maritime Corporation ("Crowley") is a Delaware corporation having an office for corporate administration in Oakland, California, an office for ship management in San Francisco, California, and an agent for service of process in Sacramento, California.

66. On Information and belief, Crowley Liner Services, Inc. ("Crowley Liner") is a Delaware corporation, with a principal place of business in Jacksonville, Florida and connects to and interacts with, GT Nexus' supply chain management platform which is controlled and directed from Oakland, California.

67. On Information and belief, Independent Container Line, Ltd. ("ICL") is a corporation organized under the laws of the Bahamas, with a principal place of business in Richmond,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 22646767.1

10

INTTRA'S ANSWER TO COMPLAINT FOR
DECLARATORY JUDGMENT;  4:11-cv-2145-SBA

Virginia and connects to and interacts with, GT Nexus' supply chain management platform which is controlled and directed from Oakland, California.

68. On Information and belief, Seaboard Marine, Ltd., Inc. ("Seaboard") is a Liberian corporation with a principal place of business in Miami, Florida and connects to and interacts with, GT Nexus' supply chain management platform which is controlled and directed from Oakland, California.

69. On Information and belief, Sea Star Line, LLC ("Sea Star") is a Delaware corporation with a principal place of business in Jacksonville, Florida and connects to and interacts with, GT Nexus' supply chain management platform which is controlled and directed from Oakland, California.

70. On Information and belief, Turkon Lines America, Inc. ("Turkon") is a Turkish corporation with a principal place of business in Secaucus, New Jersey and connects to and interacts with, GT Nexus' supply chain management platform which is controlled and directed from Oakland, California.

71. On information and belief, Bacardi-Martini Production ("Bacardi") is a French corporation having a distiller and/or wholesale distributor in Seal Beach, California, that distributes and sells Bacardi's products in California and other states.

## JURISDICTION AND VENUE

72. INTTRA's counterclaims for patent infringement arise under the patent laws of the United States, 35 U.S.C. §§ 1 et seq.  This Court has jurisdiction over the subject matter of these counterclaims pursuant to 28 U.S.C. § 1331 and 1338(a).

73. Personal jurisdiction as to GT Nexus, Crowley, Crowley Liner, ICL, Seaboard, Sea Star, Turkon, and Bacardi (collectively "Counter-Defendants") is proper in the State of California and in this judicial district.  On information and belief, each of these Counter-Defendants does and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 22646767.1

11

INTTRA'S ANSWER TO COMPLAINT FOR
DECLARATORY JUDGMENT;  4:11-cv-2145-SBA

has done substantial business in this State, and in this judicial district, including connecting to GT Nexus' supply chain management platform to form the "GT Nexus Community", and therefore have sufficient contacts with the State of California to satisfy the requirements of due process and Rule 4(k)(2) of the Federal Rules of Civil Procedure. Furthermore, Plaintiff GT Nexus has consented to jurisdiction in this district by filing suit against INTTRA in this Court.

74. Venue for these counterclaims is proper in this Court under 28 U.S.C. §§ 1391(b)-(d) and 1400(b).

## BACKGROUND FACTS

75. INTTRA is the sole owner of United States Patent No. 7,761,387 ("the '387 Patent"), titled "Common Carrier System," which was duly and legally issued on July 20, 2010. (Compl. Ex. C.)

76. INTTRA is the sole owner of United States Patent No. 7,827,119 ("the '119 Patent"), titled "Common Carrier System," which was duly and legally issued on November 2, 2010. (Compl. Ex. D.)

77. INTTRA is the sole owner of United States Patent No. 7,756,794 ("the '794 Patent"), titled "Common Carrier System," which was duly and legally issued on July 13, 2010. (Compl. Ex. B.)

78. INTTRA is the sole owner of United States Patent No. 7,752,142 ("the '142 Patent"), titled "Common Carrier System," which was duly and legally issued on July 13, 2010. (Compl. Ex. A.)

79. Since 2000, INTTRA has been in the forefront of developing technologies to streamline the shipping process for the ocean freight industry. INTTRA offers a robust multi-carrier e-commerce platform for the ocean shipping industry, enabling shippers, freight forwarders, third-

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 22646767.1

12

INTTRA'S ANSWER TO COMPLAINT FOR
DECLARATORY JUDGMENT; 4:11-cv-2145-SBA

party logistics providers, brokers and importers to electronically plan, process and manage their shipments fast and efficiently.

80. The GT Nexus supply chain management platform enables business networks and permits inter-company collaboration for carriers and shippers (the "GT Nexus Platform"). The GT Nexus Platform allows companies to connect to GT Nexus to collaborate across multiple partner networks on the same industry-wide platform as business dictates. *See* GT Nexus - The Platform - Community, http://www.gtnexus.com/the-platform/community/; GT Nexus - The Platform - Overview, http://www.gtnexus.com/the-platform/.

81. GT Nexus refers to the carriers and shippers that connect to the GT Nexus Platform as the "GT Nexus Community." GT Nexus - The Platform - Community, http://www.gtnexus.com/the-platform/community/.

82. For the GT Nexus Platform to work and be successful, GT Nexus needs this community of carriers and shippers to connect to and use the GT Nexus Platform. As GT Nexus explains on its website, "A platform needs a community. Community gives the platform ultimate value." GT Nexus - The Platform - Overview, http://www.gtnexus.com/the-platform/.

83. GT Nexus and the carriers and shippers in the GT Nexus Community work collectively, or at least take separate actions that collectively unite to operate and use the GT Nexus Platform. As GT Nexus explains on its website, "Every company connects to GT Nexus just once to collaborate across multiple partner networks on the same industry-wide platform — as business dictates. One community, one place, one platform, connected. That's what makes true business agility finally possible." GT Nexus - The Platform - Community, http://www.gtnexus.com/the-platform/community/.

84. On information and belief, Crowley and GT Nexus entered an agreement or other relationship whereby Crowley became a part of the GT Nexus Community.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 22646767.1

13

INTTRA'S ANSWER TO COMPLAINT FOR
DECLARATORY JUDGMENT; 4:11-cv-2145-SBA

85. On information and belief, as a part of the GT Nexus Community, Crowley is permitted by GT Nexus to connect to, and use the GT Nexus Platform.

86. On information and belief, as a part of the GT Nexus Community, Crowley is connected to, and uses the GT Nexus Platform.

87. On information and belief, as a part of the GT Nexus Community, Crowley receives guidance, support, and direction in connection with Crowley's use of the GT Nexus Platform.

88. On information and belief, Crowley Liner and GT Nexus entered an agreement or other relationship whereby Crowley Liner became a part of the GT Nexus Community.

89. On information and belief, as a part of the GT Nexus Community, Crowley Liner is permitted by GT Nexus to connect to, and use the GT Nexus Platform.

90. On information and belief, as a part of the GT Nexus Community, Crowley Liner is connected to, and uses the GT Nexus Platform.

91. On information and belief, as a part of the GT Nexus Community, Crowley Liner receives guidance, support, and direction in connection with Crowley's use of the GT Nexus Platform.

92. On information and belief, ICL and GT Nexus entered an agreement or other relationship whereby Crowley became a part of the GT Nexus Community.

93. On information and belief, as a part of the GT Nexus Community, ICL is permitted by GT Nexus to connect to, and use the GT Nexus Platform.

94. On information and belief, as a part of the GT Nexus Community, ICL is connected to, and uses the GT Nexus Platform.

95. On information and belief, as a part of the GT Nexus Community, ICL receives guidance, support, and direction in connection with ICL's use of the GT Nexus Platform.

96. On information and belief, Seaboard and GT Nexus entered an agreement or other relationship whereby Seaboard became a part of the GT Nexus Community.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 22646767.1

14

INTTRA'S ANSWER TO COMPLAINT FOR
DECLARATORY JUDGMENT;  4:11-cv-2145-SBA

97. On information and belief, as a part of the GT Nexus Community, Seaboard is permitted by GT Nexus to connect to, and use the GT Nexus Platform.

98. On information and belief, as a part of the GT Nexus Community, Seaboard is connected to, and uses the GT Nexus Platform.

99. On information and belief, as a part of the GT Nexus Community, Seaboard receives guidance, support, and direction in connection with Seaboard's use of the GT Nexus Platform.

100.     On information and belief, Sea Star and GT Nexus entered an agreement or other relationship whereby Sea Star became a part of the GT Nexus Community.

101.     On information and belief, as a part of the GT Nexus Community, Sea Star is permitted by GT Nexus to connect to, and use the GT Nexus Platform.

102.     On information and belief, as a part of the GT Nexus Community, Sea Star is connected to, and uses the GT Nexus Platform.

103.     On information and belief, as a part of the GT Nexus Community, Sea Star receives guidance, support, and direction in connection with Sea Star's use of the GT Nexus Platform.

104.     On information and belief, Turkon and GT Nexus entered an agreement or other relationship whereby Turkon became a part of the GT Nexus Community.

105. On information and belief, as a part of the GT Nexus Community, Turkon is permitted by GT Nexus to connect to, and use the GT Nexus Platform.

106. On information and belief, as a part of the GT Nexus Community, Turkon is connected to, and uses the GT Nexus Platform.

107. On information and belief, as a part of the GT Nexus Community, Turkon receives guidance, support, and direction in connection with Turkon's use of the GT Nexus Platform.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 22646767.1

15

INTTRA'S ANSWER TO COMPLAINT FOR
DECLARATORY JUDGMENT;  4:11-cv-2145-SBA

108. On information and belief, Bacardi and GT Nexus entered an agreement or other relationship whereby Bacardi became a part of the GT Nexus Community.

109. On information and belief, as a part of the GT Nexus Community, Bacardi is permitted by GT Nexus to connect to, and use the GT Nexus Platform.

110. On information and belief, as a part of the GT Nexus Community, Bacardi is connected to, and uses the GT Nexus Platform.

111. On information and belief, as a part of the GT Nexus Community, Bacardi receives guidance, support, and direction in connection with Bacardi's use of the GT Nexus Platform.

## COUNTERCLAIM I

### (Infringement of U.S. Patent No. 7,761,387

112. INTTRA repeats and realleges the averments in paragraphs 63, 64, 72-74 and 75-111 above as though fully set forth herein.

113. GT Nexus has directly infringed and continues to directly infringe under 35 U.S.C. §271 one or more claims of the '387 Patent by making, using, offering to sell, importing, and/or selling into or in the United States the GT Nexus Platform, which embodies the patented invention.  GT Nexus has indirectly infringed and continues to indirectly infringe the '387 Patent by both contributing to and inducing infringement by assisting, abetting, encouraging, and contributing to the infringement of others through its deployment of, and its promotion and support for the GT Nexus Platform, which embodies the patented invention.

114. GT Nexus's aforesaid activities have been without authority and/or license from INTTRA.

115. GT Nexus's infringement of the '387 Patent has been knowing, willful and malicious.

116. INTTRA has been damaged by GT Nexus's infringement of the '387 Patent, and INTTRA will continue to be damaged in the future unless GT Nexus is enjoined from infringing the '387 Patent. INTTRA is entitled to compensation from GT Nexus for such infringement pursuant to 35

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 22646767.1

16

INTTRA'S ANSWER TO COMPLAINT FOR
DECLARATORY JUDGMENT;  4:11-cv-2145-SBA

U.S.C. §§ 283 and 284. Furthermore, INTTRA has no adequate remedy at law, and will suffer irreparable harm if GT Nexus is not enjoined from further infringement of the '387 Patent.

## COUNTERCLAIM II

### (Infringement of U.S. Patent No. 7,827,119)

117. INTTRA repeats and realleges the averments in paragraphs 63, 64, 72-74 and 75-111 above as though fully set forth herein.

118. GT Nexus has directly infringed and continues to directly infringe under 35 U.S.C. §271 one or more claims of the '119 Patent by making, using, offering to sell, importing, and/or selling into or in the United States the GT Nexus Platform, which embodies the patented invention.  GT Nexus has indirectly infringed and continues to indirectly infringe the '119 Patent by both contributing to and inducing infringement by assisting, abetting, encouraging, and contributing to the infringement of others through its deployment of, and its promotion and support for the GT Nexus Platform, which embodies the patented invention.

119. GT Nexus's aforesaid activities have been without authority and/or license from INTTRA.

120. GT Nexus's infringement of the '119 Patent has been knowing, willful and malicious.

121. INTTRA has been damaged by GT Nexus's infringement of the '119 Patent, and INTTRA will continue to be damaged in the future unless GT Nexus is enjoined from infringing the '119 Patent. INTTRA is entitled to compensation from GT Nexus for such infringement pursuant to 35 U.S.C. §§ 283 and 284. Furthermore, INTTRA has no adequate remedy at law, and will suffer irreparable harm if GT Nexus is not enjoined from further infringement of the '119 Patent.

## COUNTERCLAIM III

### (Infringement of U.S. Patent No. 7,756,794)

122. INTTRA repeats and realleges the averments in paragraphs 63, 64, 72-74 and 75-111 above as though fully set forth herein.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 22646767.1

17

INTTRA'S ANSWER TO COMPLAINT FOR
DECLARATORY JUDGMENT; 4:11-cv-2145-SBA

123. On information and belief, GT Nexus owns and/or controls the components of the GT Nexus Platform, which embodies the invention of the '794 Patent, or exercises control or direction over components of the GT Nexus Platform, such that every system component is attributable to GT Nexus.

124. GT Nexus controls and/or directs the operation of the components of the GT Nexus Platform by members of the GT Nexus Community, including one or more of, Crowley, Crowley Liner, ICL, Seaboard, Sea Star and Turkon.  By way of example, this includes: providing direction, instruction or guidance to one or more of, Crowley, Crowley Liner, ICL, Seaboard, Sea Star and Turkon on how to operate the GT Nexus Platform; controlling or limiting access to the data used by one or more of, Crowley, Crowley Liner, ICL, Seaboard, Sea Star and Turkon to operate the GT Nexus Platform; and administering and controlling the tools used by one or more of, Crowley, Crowley Liner, ICL, Seaboard, Sea Star and Turkon to operate the GT Nexus Platform.

125. GT Nexus, as the mastermind controlling and/or directing the operation of the components of the GT Nexus Platform by members of the GT Nexus Community, including one or more of, Crowley, Crowley Liner, ICL, Seaboard, Sea Star and Turkon, has directly infringed and continues to directly infringe under 35 U.S.C. §271 one or more claims of the '794 Patent by making, using, offering to sell, importing, and/or selling into or in the United States the GT Nexus Platform, which embodies the patented invention.  GT Nexus has indirectly infringed and continues to indirectly infringe the '794 Patent by both contributing to and inducing infringement by assisting, abetting, encouraging, and contributing to the infringement of others through its promotion and support for the GT Nexus Platform, which embodies the patented invention.

126. GT Nexus's aforesaid activities have been without authority and/or license from INTTRA.

127. GT Nexus's infringement of the '794 Patent has been knowing, willful and malicious.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 22646767.1

18

INTTRA'S ANSWER TO COMPLAINT FOR
DECLARATORY JUDGMENT;  4:11-cv-2145-SBA

128. INTTRA has been damaged by GT Nexus's infringement of the '794 Patent, and INTTRA will continue to be damaged in the future unless GT Nexus is enjoined from infringing the '794 Patent. INTTRA is entitled to compensation from GT Nexus for such infringement pursuant to 35 U.S.C. §§ 283 and 284. Furthermore, INTTRA has no adequate remedy at law, and will suffer irreparable harm if GT Nexus is not enjoined from further infringement of the '794 Patent.

## COUNTERCLAIM IV

## (Joint Infringement of U.S. Patent No. 7,756,794)

129. INTTRA repeats and realleges the averments in paragraphs 63, 64, 72-74 and 75-111 above as though fully set forth herein.

130. GT Nexus has actual knowledge of INTTRA's '794 Patent.

131. Despite having actual knowledge, GT Nexus continues to sell products, services, and/or systems that together with each of, Crowley, Crowley Liner, ICL, Seaboard, Sea Star and Turkon, directly infringe one or more claims of the '794 Patent.

132. GT Nexus, together with each of, Crowley, Crowley Liner, ICL, Seaboard, Sea Star and Turkon, have directly infringed and continue to directly infringe under 35 U.S.C. §271 one or more claims of the '794 Patent by making, using, offering to sell, importing, and/or selling into or in the United States the GT Nexus Platform, which embodies the patented invention.

133. On information and belief, GT Nexus together with each of, Crowley, Crowley Liner, ICL, Seaboard, Sea Star and Turkon provide a system as claimed in the '794 Patent, or exercise control or direction over the operation of the system components as claimed such that the claimed system is attributable to both GT Nexus and each of, Crowley, Crowley Liner, ICL, Seaboard, Sea Star and Turkon.  As such, both GT Nexus and each of, Crowley, Crowley Liner, ICL, Seaboard, Sea Star and Turkon are jointly and severally liable as infringers under 35 U.S.C. Section 271(b).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 22646767.1

19

INTTRA'S ANSWER TO COMPLAINT FOR
DECLARATORY JUDGMENT;  4:11-cv-2145-SBA

134. GT Nexus and each of, Crowley, Crowley Liner, ICL, Seaboard, Sea Star and Turkon have, on information and belief, shared the following materials: software tools; usage instructions; and software capabilities hosted on the Web and sold by GT Nexus and used by each of, Crowley, Crowley Liner, ICL, Seaboard, Sea Star and Turkon to practice the patented system claimed in the '794 Patent.

135. GT Nexus's and each of Crowley's, Crowley Liner's, ICL's, Seaboard's, Sea Star's and Turkon's use of GT Nexus's products, methods and/or systems constitute direct infringement of the '794 Patent.

136. INTTRA has been damaged by GT Nexus's and each of Crowley's, Crowley Liner's, ICL's, Seaboard's, Sea Star's and Turkon's infringement of the '794 Patent, and INTTRA will continue to be damaged in the future unless GT Nexus and each of, Crowley, Crowley Liner, ICL, Seaboard, Sea Star and Turkon are enjoined from infringing the '794 Patent. INTTRA is entitled to compensation from GT Nexus and each of, Crowley, Crowley Liner, ICL, Seaboard, Sea Star and Turkon for such infringement pursuant to 35 U.S.C. §§ 283 and 284. Furthermore, INTTRA has no adequate remedy at law, and will suffer irreparable harm if GT Nexus and each of, Crowley, Crowley Liner, ICL, Seaboard, Sea Star and Turkon are not enjoined from further infringement of the '794 Patent.

## COUNTERCLAIM V

## (Infringement of U.S. Patent No. 7,752,142)

137. INTTRA repeats and realleges the averments in paragraphs 63, 64, 72-74 and 75-111 above as though fully set forth herein.

138. On information and belief, GT Nexus owns and/or controls the components of the GT Nexus Platform, which embodies the invention of the '142 Patent, or exercises control or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 22646767.1

20

INTTRA'S ANSWER TO COMPLAINT FOR
DECLARATORY JUDGMENT; 4:11-cv-2145-SBA

direction over components of the GT Nexus Platform, such that every system component is attributable to GT Nexus.

139. GT Nexus controls and/or directs the operation of the components of the GT Nexus Platform by members of the GT Nexus Community, including one or more of, Crowley, Crowley Liner, ICL, Seaboard, Sea Star, Turkon and Bacardi.  By way of example, this includes: providing direction, instruction or guidance to one or more of, Crowley, Crowley Liner, ICL, Seaboard, Sea Star, Turkon and Bacardi on how to operate the GT Nexus Platform; controlling or limiting access to the data used by one or more of, Crowley, Crowley Liner, ICL, Seaboard, Sea Star, Turkon and Bacardi to operate the GT Nexus Platform; and administering and controlling the tools used by one or more of, Crowley, Crowley Liner, ICL, Seaboard, Sea Star, Turkon and Bacardi to operate the GT Nexus Platform.

140. GT Nexus, as the mastermind controlling and/or directing the operation of the components of the claimed system in the '142 Patent by members of the GT Nexus Community, including one or more of, Crowley, Crowley Liner, ICL, Seaboard, Sea Star, Turkon and Bacardi, has directly infringed and continues to directly infringe under 35 U.S.C. §271 one or more claims of the '142 Patent by making, using, offering to sell, importing, and/or selling into or in the United States the GT Nexus Platform, which embodies the patented invention.  GT Nexus has indirectly infringed and continues to indirectly infringe the '142 Patent by both contributing to and inducing infringement by assisting, abetting, encouraging, and contributing to the infringement of others through its promotion and support for the GT Nexus Platform, which embodies the patented invention.

141. GT Nexus's aforesaid activities have been without authority and/or license from INTTRA.

142. GT Nexus's infringement of the '142 Patent has been knowing, willful and malicious.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 22646767.1

21

INTTRA'S ANSWER TO COMPLAINT FOR
DECLARATORY JUDGMENT;  4:11-cv-2145-SBA

143. INTTRA has been damaged by GT Nexus's infringement of the '142 Patent, and INTTRA will continue to be damaged in the future unless GT Nexus is enjoined from infringing the '142 Patent.  INTTRA is entitled to compensation from GT Nexus for such infringement pursuant to 35 U.S.C. §§ 283 and 284.  Furthermore, INTTRA has no adequate remedy at law, and will suffer irreparable harm if GT Nexus is not enjoined from further infringement of the '142 Patent.

## COUNTERCLAIM VI

## (Joint Infringement of U.S. Patent No. 7,752,142)

144. INTTRA repeats and realleges the averments in paragraphs 63, 64, 72-74 and 75-111 above as though fully set forth herein.

145. GT Nexus has actual knowledge of INTTRA's '142 Patent.

146. Despite having actual knowledge, GT Nexus continues to sell products, methods and/or systems that, together with Bacardi and each of, Crowley, Crowley Liner, ICL, Seaboard, Sea Star and Turkon, directly infringe one or more claims of the '142 Patent.

147. GT Nexus, together with Bacardi and each of, Crowley, Crowley Liner, ICL, Seaboard, Sea Star and Turkon, have directly infringed and continue to directly infringe under 35 U.S.C. §271 one or more claims of the '142 Patent by making, using, offering to sell, importing, and/or selling in and into the United States the GT Nexus Platform, which embodies the patented invention.

148. On information and belief, GT Nexus together with Bacardi and each of, Crowley, Crowley Liner, ICL, Seaboard, Sea Star and Turkon provide a system as claimed in the '142 Patent, or exercise control or direction over the operation of the system components as claimed such that the claimed system is attributable to GT Nexus, Bacardi and each of, Crowley, Crowley Liner, ICL, Seaboard, Sea Star and Turkon.  As such, GT Nexus, Bacardi and each of, Crowley,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 22646767.1

22

INTTRA'S ANSWER TO COMPLAINT FOR
DECLARATORY JUDGMENT;  4:11-cv-2145-SBA

Crowley Liner, ICL, Seaboard, Sea Star,  Turkon are jointly and severally liable as infringers under 35 U.S.C. Section 271(b).

149. GT Nexus, Bacardi and each of, Crowley, Crowley Liner, ICL, Seaboard, Sea Star and Turkon have, on information and belief, shared the following materials: software tools; usage instructions; and software capabilities hosted on the Web and sold by GT Nexus and used by Bacardi and each of, Crowley, Crowley Liner, ICL, Seaboard, Sea Star and Turkon to practice the patented system claimed in the '142 Patent.

150. GT Nexus's, Bacardi's and each of, Crowley's, Crowley Liner's, ICL's, Seaboard's, Sea Star's and Turkon's use of the GT Nexus Platform constitute direct infringement of the '142 Patent.

151. INTTRA has been damaged by GT Nexus's, Bacardi's and each of, Crowley's, Crowley Liner's, ICL's, Seaboard's, Sea Star's and Turkon's  infringement of the '142 Patent, and INTTRA will continue to be damaged in the future unless GT Nexus, Bacardi and each of, Crowley, Crowley Liner, ICL, Seaboard, Sea Star and Turkon are enjoined from infringing the '142 Patent.  INTTRA is entitled to compensation from GT Nexus, Bacardi and each of, Crowley, Crowley Liner, ICL, Seaboard, Sea Star and Turkon for such infringement pursuant to 35 U.S.C. §§ 283 and 284.  Furthermore, INTTRA has no adequate remedy at law, and will suffer irreparable harm if GT Nexus, Bacardi and each of, Crowley, Crowley Liner, ICL, Seaboard, Sea Star and Turkon are not enjoined from further infringement of the '142 Patent.

## PRAYER FOR RELIEF

WHEREFORE, INTTRA prays for the entry of judgment as follows:

A.  That GT Nexus take nothing for relief;

B.  That GT Nexus' claims be dismissed with prejudice;

C.  Adjudicating and declaring that GT Nexus has infringed, actively induced

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 22646767.1

23

INTTRA'S ANSWER TO COMPLAINT FOR
DECLARATORY JUDGMENT;  4:11-cv-2145-SBA

1    infringement of, and/or contributorily infringed the '387, '119, '794, and '142

2    Patents;

3    D.   Adjudicating and declaring that GT Nexus and each of, Crowley, Crowley Liner,

4    ICL, Seaboard, Sea Star and Turkon are jointly and severally liable for

5    infringement of the '794 Patent;

6    E.   Adjudicating and declaring that GT Nexus, Bacardi and each of, Crowley,

7    Crowley Liner, ICL, Seaboard, Sea Star and Turkon are jointly and severally liable

8    for infringement of the '142 Patent;

9    F.   Preliminarily and permanently enjoining GT Nexus, their officers, agents,

10   servants, employees, attorneys and all persons in active concert or participation

11   with them from further infringement of the '387, '119, '794, and '142 Patents; or,

12   to the extent not so enjoined, ordering GT Nexus to pay compulsory ongoing

13   royalties for any continuing infringement of the '387, '119, '794, and '142 Patents;

14   G.   Preliminarily and permanently enjoining GT Nexus and each of, Crowley,

15   Crowley Liner, ICL, Seaboard, Sea Star and Turkon, their officers, agents,

16   servants, employees, attorneys and all persons in active concert or participation

17   with them from further infringement of the '794 Patent; or, to the extent not so

18   enjoined, ordering GT Nexus and each of, Crowley, Crowley Liner, ICL,

19   Seaboard, Sea Star and Turkon to pay compulsory ongoing royalties for any

20   continuing infringement of the '794 Patent;

21   H.   Preliminarily and permanently enjoining GT Nexus, Bacardi and each of, Crowley,

22   Crowley Liner, ICL, Seaboard, Sea Star and Turkon, their officers, agents,

23   servants, employees, attorneys and all persons in active concert or participation

24   with them from further infringement of the '142 Patent; or, to the extent not so

25   enjoined, ordering GT Nexus, Bacardi and each of, Crowley, Crowley Liner, ICL,

26   Seaboard, Sea Star and Turkon to pay compulsory ongoing royalties for any

27   continuing infringement of the '142 Patent;

28   I.   Ordering that GT Nexus account for and pay actual damages (but no less than a

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 22646767.1

24

INTTRA'S ANSWER TO COMPLAINT FOR
DECLARATORY JUDGMENT;  4:11-cv-2145-SBA

1   reasonable royalty), to INTTRA for its infringement of the '387, '119, '794, and

2   '142 Patents;

3   J.   Ordering that GT Nexus and each of, Crowley, Crowley Liner, ICL, Seaboard, Sea

4        Star and Turkon, separately or together, account for and pay actual damages (but

5        no less than a reasonable royalty) to INTTRA for their infringement of the '794

6        Patent;

7   K.   Ordering that GT Nexus, Bacardi and each of, Crowley, Crowley Liner, ICL,

8        Seaboard, Sea Star and Turkon, separately or together, account for and pay actual

9        damages (but no less than a reasonable royalty) to INTTRA for their infringement

10        of the '142 Patent;

11   L.   Ordering that GT Nexus, Bacardi and each of, Crowley, Crowley Liner, ICL,

12        Seaboard, Sea Star and Turkon, separately or together, pay INTTRA's costs,

13        expenses, and interest, including prejudgment interest, as provided for by 35

14        U.S.C. § 284;

15   M.   Declaring that this is an exceptional case and awarding INTTRA its attorneys' fees

16        and expenses as provided for by 35 U.S.C. § 285;

17   N.   Granting INTTRA such other and further relief as the Court deems just and

18        appropriate, or that INTTRA may be entitled to as a matter of law or equity.

19

20

21   Dated: September 1, 2011                    Respectfully submitted,

22                                               MORGAN, LEWIS & BOCKIUS LLP

23

24                                               By   /s/ Michael J. Lyons
                                                     Michael J. Lyons
25                                                   Attorneys for Defendant
                                                     and Counter-Plaintiff
26                                                   INTTRA, INC.

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 22646767.1

25

INTTRA'S ANSWER TO COMPLAINT FOR
DECLARATORY JUDGMENT;  4:11-cv-2145-SBA

1

## <u>JURY TRIAL DEMAND</u>

2

INTTRA demands a jury trial in this action on all issues so triable.

3

4

Dated: September 1, 2011                                Respectfully submitted,

5

MORGAN, LEWIS & BOCKIUS LLP

6

7

By   /s/ Michael J. Lyons
            Michael J. Lyons
            Attorneys for Defendant
            and Counter-Plaintiff
            INTTRA, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 22646767.1

26

INTTRA'S ANSWER TO COMPLAINT FOR
DECLARATORY JUDGMENT; 4:11-cv-2145-SBA