MORGAN, LEWIS & BOCKIUS LLP
DANIEL JOHNSON, JR. (SBN 57409)
MICHAEL J. LYONS (SBN 202284)
AHREN C. HSU-HOFFMAN (SBN 250469)
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA  94306
Tel:    650.843.4000
Fax:   650.843.4001
Email:  djjohnson@morganlewis.com
Email:  mlyons@morganlewis.com
Email:  ahsu-hoffman@morganlewis.com

Attorneys for Defendant and Counter-Plaintiff
INTTRA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GT NEXUS, INC., a Delaware corporation,<br><br>                              Plaintiff,<br>         v.<br><br>INTTRA, INC., a Delaware corporation,<br><br>                              Defendant.<br>         and<br><br>INTTRA, INC., a Delaware corporation,<br><br>                              Counter-Plaintiff,<br>         v.<br><br>GT NEXUS, INC., a Delaware corporation, CROWLEY MARITIME CORPORATION, a Delaware corporation, CROWLEY LINER SERVICES, INC., a Delaware corporation, INDEPENDENT CONTAINER LINE, LTD., a Bahamas corporation,  SEABOARD MARINE, LTD., INC., a Liberian corporation, SEA STAR LINE, LLC, a Delaware corporation, TURKON LINES AMERICA, INC., a Turkish corporation, BACARDI-MARTINI PRODUCTION, a French corporation,<br>                              Counter-Defendants. | Case No. 4:11-cv-02145-SBA<br><br>**DEFENDANT AND COUNTER-PLAINTIFF INTTRA, INC.'S REPLY TO GT NEXUS, INC.'S OPPOSITION TO INTTRA, INC.'S MOTION TO LIFT STAY AND REOPEN ACTION**<br><br>Date:       March 11, 2014<br>Time:       1:00 p.m.<br>Courtroom: 1<br>Judge:      Saundra B. Armstrong |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 24815779.1

INTTRA'S REPLY TO OPPOSITION TO
MOTION TO LIFT STAY AND REOPEN ACTION
CASE NO. 4:11-cv-02145-SBA

## I. INTRODUCTION

GT Nexus' opposition offers not a single reason why the original stay—which was imposed pending the now complete reexamination proceedings—should remain in place. That stay, which has been in place for over two years now, was appropriate because it allowed time for the Patent Office to resolve GT Nexus' doubts about the validity of the Patents-in-Suit and for claims to be amended and new claims to be added. Indeed, it made sense for those reexamination proceedings to run their course before the parties made their Patent Local Rule disclosures and this Court engaged in claim construction. While the stay was in place, 51 original claims were confirmed, 23 claims were amended, and 38 new claims were added. As such, issues regarding these claims have already been greatly simplified. It is time for the instant case to proceed toward a resolution.

Because it has no grounds to oppose lifting the original stay, GT Nexus has inappropriately used its opposition brief to argue for a new stay, citing petitions for a covered business method ("CBM") review that it submitted to the Patent Office on the same day that its opposition brief was due. GT Nexus' opposition, which relies on grounds created by GT Nexus *after* INTTRA filed its motion to lift the stay, should thus be stricken for failure to comply with basic motion practice procedures. *See* Fed. R. Civ. P. 7 ("A request for a court order must be made by motion.").

Even if GT Nexus' arguments are considered, they do not justify a further stay. *First*, a stay should not be imposed for yet additional Patent Office proceedings, much less for proceedings that were only requested a week ago and have not even been instituted by the Patent Office. Indeed, GT Nexus' delay in requesting CBM review alone justifies denial of a stay, as CBM review procedures have been available since September 16, 2012 and thus could have been requested long ago. Moreover, the Patent Office will likely refuse to institute a CBM review because the claims of the Patents-in-Suit are not directed to "the practice, administration, or management of a *financial* product or service" and thus do not qualify as "covered business method patents" as defined by the America Invents Act. *See* Leahy-Smith America Invents Act ("AIA"), PL No. 112-29, § 18, 125 Stat 284 (2011) (emphasis added). Rather, the claims are

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 24815779.1

1

INTTRA'S REPLY TO OPPOSITION TO
MOTION TO LIFT STAY AND REOPEN ACTION
CASE NO. 4:11-cv-02145-SBA

directed to a "technological invention"—*i.e.*, a centralized portal for storage and provision of tracking and tracing data relating to container shipments—that is exempt from CBM review.

*Second*, there is no reason to impose a stay while the Supreme Court reviews the *Alice Corp. v. CLS Bank Int'l* case. As a general matter, a case will never get any closer to resolution if its progress is halted by the appellate resolution of issues arising in other cases that could theoretically impact the current matter. There is also no reason to presume that the Supreme Court will render a decision that will have any relevance. The confirmed patent claims, which are directed to the storage and provision of tracking and tracing data via a centralized portal, are not simply claiming abstract ideas for conducting business implemented using software. Thus, any decision rendered in the *Alice Corp.* case, which is expected to address the patentability of such software-implemented ideas, will likely be of limited if any relevance to the issues in this case. The case should not be stayed for an indeterminate period of time to await this decision.

## II. THERE SHOULD BE NO FURTHER STAY BECAUSE THE INTTRA PATENTS *DO NOT QUALIFY* FOR A "COVERED BUSINESS METHOD" REVIEW

GT Nexus' opposition completely fails to mention that CBM review is only available for patents that meet two very specific criteria. First, a CBM-eligible patent must claim "a method or corresponding apparatus for performing data processing or other operations used in the practice, administration, or management of a financial product or service." AIA § 18(d)(1). Second, the patent must not be for a "technological invention." *Id.* The Patents-in-Suit fail to meet *both* criteria.

### 1. The Patents-in-Suit do not qualify for a "covered business method" review because their claims are not directed to a financial product or service

None of the claims cover a "financial product or service," a threshold requirement for CBM review that GT Nexus tellingly failed to address in its opposition brief. According to the legislative history, "the plain meaning of 'financial product or service' demonstrates that [CBM review] is not limited to the financial service industry. *At its most basic, a financial product is an agreement between two parties stipulating movements of money or other consideration now or in the future* []." 157 Cong. Rec. S5432 (daily ed. Sept. 8, 2011) (statement of Sen. Schumer) (emphasis in original). The claims of the Patents-in-Suit are not concerned with monetary

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 24815779.1

2

INTTRA'S REPLY TO OPPOSITION TO
MOTION TO LIFT STAY AND REOPEN ACTION
CASE NO. 4:11-cv-02145-SBA

products or services.  Rather, their claims are directed to a centralized portal for receiving and storing data relating to container shipments.  For instance, claim 14 of U.S. Patent No. 7,827,119 is directed to a <u>shipping intermediary server</u> that provides a <u>user interface</u> for accessing and displaying <u>container shipping information</u>:

> A computer system comprising:  a server of a **shipping intermediary** including a computer storage, said server configured to generate and forward a user interface configured to display on a display of a computer of a shipper, said user interface configured to be used by a shipper for obtaining container shipping information stored in the computer storage, said container shipping information regarding multiple bookings originating from multiple carriers, said **user interface** including:
>
> a first region configured to receive identification information from the shipper said identification information relating to a booking that was originally made directly between said shipper and said intermediary, where said intermediary exchanges said booking with a carrier; and,
>
> a second region configured to a display results matching said identification information, said results including **container shipping information** regarding said booking, said container shipping information including status information relating to said booking,
>
> wherein said server is further configured to receive and store in said computer storage status information relating to said booking from said carrier prior to first receiving said identification information from the shipper via the first region, configured to receive said identification information from the shipper via the first region, configured to search said computer storage for one or more bookings based on said identification information, and configured to forward said search results for display in said second region; and
>
> wherein said booking corresponds to a single container being transported by multiple carriers, each carrier responsible for a leg of the trip, and wherein said second region is configured to a simultaneously display status information received from the multiple carriers relating to the single container.

*Ex Parte* Reexamination Certificate, U.S. Patent No. 7,827,119, Dkt. 65-2 (Exh. C), at 8 (issued Jul. 11, 2013) (emphasis added).  Nothing in claim 14 concerns a financial product or service that involves moving money or consideration between two parties.  The other claims of the Patents-in-Suit are similarly directed to a central shipping portal, not a financial product or service.  Thus, none qualify for a CBM review.

Because it cannot cite any claim language that shows the Patents-in-Suit qualify for a

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 24815779.1

3

INTTRA'S REPLY TO OPPOSITION TO MOTION TO LIFT STAY AND REOPEN ACTION
CASE NO. 4:11-cv-02145-SBA

CBM review, GT Nexus resorts to arguing eligibility based on their numerical classification. This is unavailing because there has been no determination that all patents in Class 705 are subject to CBM review. Indeed, the Patent Office itself has acknowledged that a patent's classification is irrelevant to the issue of whether the patent is properly a CBM patent. Specifically, the Patent Office rejected a suggestion that the Class 705 serves as a proxy for CBM patents, explaining that a "[d]etermination of whether a patent is a [CBM] will be *based on the claims*." See BC-2013, Transitional Program for Covered Business Method Patents, 77 Fed. Reg. 48736 (Aug. 14, 2012) (Comment 5 and Response; Comment 8 and Response) (emphasis added). GT Nexus therefore cannot argue that the Patents-in-Suit would be subject to CBM review simply because they were issued under Class 705.

### 2. The Patents-in-Suit also do not qualify for a CBM review because they claim a "technological invention"

According to the regulations adopted by the Patent Office, patents for "technological inventions" do not fall within the purview of a CBM review. 37 C.F.R. § 42.301(a) ("Covered business method patent . . . does not include patents for technological inventions."). To determine whether an invention is a "technological invention," the Patent Office considers "whether the claimed subject matter as a whole recites a technological feature that is novel and unobvious over the prior art; and solves a technical problem using a technical solution." 37 C.F.R. § 42.301(b). GT Nexus' opposition fails to acknowledge, much less address, this second requirement that precludes the Patents-in-Suit from undergoing a CBM review.

Indeed, the claims of INTTRA's patents are directed to what is squarely a technical solution (a centralized portal for multiple shippers and multiple carriers to access pre-stored in-transit container status information) that solved technical problems faced by players in the container shipping industry (e.g., divergent proprietary systems were inefficient and unmanageable). During reexamination, one of the inventors, Michael Schutt Nielsen, tendered declaration testimony that specifically identified the technical problems solved by INTTRA's centralized shipping portal, also referred to as the "common carrier system." According to Mr. Nielsen:

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 24815779.1

4

INTTRA'S REPLY TO OPPOSITION TO
MOTION TO LIFT STAY AND REOPEN ACTION
CASE NO. 4:11-cv-02145-SBA

> When INTTRA was founded in 2000, the prevailing view of carriers was to build proprietary systems to "lock-in" the shippers to their platform.  A **common carrier system**, as proposed by INTTRA, was thus contrary to this prevailing view because INTTRA would allow shippers a simple connection to many carriers. . . . With a simple connection to INTTRA, a carrier now has easy access to an abundance of shippers.  Also, since INTTRA uses standardized neutral coding formats, and INTTRA handles the technical complexity of translating each carrier's codes and message formats into the neutral standard, carriers have a dramatically reduced burden.

Schutt Decl. Para 16.  Thus, INTTRA's centralized shipping portal, which is the centerpiece of every claim of the Patents-in-Suit, was itself a novel solution to an actual technical problem and not merely the means for implementing an abstract idea.

Again, there is nothing in GT Nexus' opposition that rebuts the technical nature of the claims at issue.  GT Nexus' conclusory averments that the Patents-in-Suit cover "abstract ideas" and do nothing more than "automate existing practices" are not supported by reference to any actual claim language or prior art.  In addition, such averments are wholly unavailing in light of Mr. Nielsen's declaration testimony, the extensive reexamination history, and the Patent Office's conclusion that the claims were novel and unobvious.  Because the claims are directed to a novel technical solution, they do not qualify for a CBM review.  There should be no stay pending resolution of proceedings that are plainly not meant for the Patents-in-Suit.

### III. EVEN ASSUMING THE PATENT OFFICE IS LIKELY TO INSTITUTE A CBM REVIEW, THE FACTORS WEIGH AGAINST A STAY

The AIA does not mandate a stay pending CBM review.  Instead, pursuant to the AIA, a court shall consider: "(A) whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial; (B) whether discovery is complete and whether a trial date has been set; (C) whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and (D) whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court." AIA, Pub.L. No. 112–29, § 18(b)(1), 125 Stat. 284, 331 (2011).  Even assuming a CBM review will be instituted, these factors weigh against a stay.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 24815779.1

5

INTTRA'S REPLY TO OPPOSITION TO MOTION TO LIFT STAY AND REOPEN ACTION
CASE NO. 4:11-cv-02145-SBA

### 1. A stay will not simplify the issues and streamline further litigation

There is no reason to presume that yet more administrative proceedings will result in any more cancelled or amended claims, as GT Nexus contends. GT Nexus has already pursued five reexaminations without success. During the reexamination proceedings, 51 claims were confirmed, 23 claims were amended, and 38 new claims were added. Patentability issues regarding these claims have thus *already* been simplified for this litigation. Moreover, GT Nexus has failed to establish that the Patents-in-Suit are even eligible for a CBM review, much less attempted to show how any one of the 112 claims of the Patents-in-Suit is invalid for claiming unpatentable subject matter. Thus, it should be presumed that further administrative proceedings will have no impact on the Patents-in-Suit, and this case should not be delayed to await their outcome.

The fact that INTTRA previously stipulated to a stay is irrelevant. INTTRA agreed to the original stay so that GT Nexus' invalidity concerns could be resolved at the outset and any new claims or amendments to be entered before the parties expended their resources preparing their Patent Local Rule disclosures. Now that the reexamination proceedings are over, and the Patent Office has confirmed the validity of the Patents-in-Suit, GT Nexus' initial doubts regarding the validity of the claims have been resolved. The fact that GT Nexus has raised new issues regarding the claims does not justify a further stay, particularly since GT Nexus could have raised them with the Patent Office long ago.

### 2. The early stage of this lawsuit favors denial of a stay

This case was stayed in its infancy, before any schedule for Patent Local Rule disclosures or a claim construction hearing had been set. As such, the particular claims that will be at issue in this lawsuit have not yet been formalized, nor has there been any particularized disclosure of GT Nexus' invalidity contentions. Until at least this case progresses beyond the initial round of Patent Local Rule disclosures, it is premature to consider a stay that will purportedly resolve new invalidity issues that GT Nexus may not even raise after INTTRA discloses its asserted claims and infringement contentions. There is also no reason that the parties cannot engage in the Patent Local Rule process in parallel with the Patent Office proceedings. If claims are required to be

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Palo Alto

6

INTTRA'S REPLY TO OPPOSITION TO
MOTION TO LIFT STAY AND REOPEN ACTION
CASE NO. 4:11-cv-02145-SBA

DB2/ 24815779.1

1  cancelled or amended, then as GT Nexus acknowledged, that will occur over the course of this
2  next year and thus can be expeditiously addressed by the parties. Moreover, if, as GT Nexus
3  contended, that it intends to file a motion for invalidity under Section 101, then it must at least
4  allow this case to progress to the point where it tenders invalidity contentions in accordance with
5  Patent L.R. 3-3. Accordingly, the fact that this case has not progressed beyond the initial round
6  of Patent Local Rule disclosures weighs against continuing to stay a case that has already been
7  stayed for two years.

### 3. A stay would provide GT Nexus with a tactical advantage in the litigation

As INTTRA noted in its opening brief, a further delay greatly disfavors GT Nexus because it is using INTTRA's patented technology without authorization to compete directly against INTTRA in the marketplace. GT Nexus' efforts to delay this litigation are purely for tactical reasons. Indeed, if GT Nexus had legitimate concerns about the eligibility of the claimed subject matter, it could have filed a CBM review long ago. To be clear, CBM review procedures went into effect over a year ago, on September 16, 2012. 77 Fed. Reg. 48680-709. Instead of timely pursuing administrative remedies that GT Nexus now contends will have a significant impact on the Patents-in-Suit, GT Nexus waited until the day its opposition brief was due to submit its CBM requests to the Patent Office. This was plainly intended to maximize the amount of delay in this case and prejudice INTTRA. Thus, GT Nexus' delay in pursuing a CBM review alone warrants denial of stay. *See Fifth Mkt. v. CME Grp., Inc.*, CIV. A. 08-520-GMS, 2013 WL 3063461, at *1 n.1 (D. Del. June 19, 2013) (granting patentee's motion to lift stay as the *ex parte* reexamination proceedings have concluded and noting that the accused infringer's plans to file a CBM review was an attempt to use Patent Office review procedures to tactically delay the case).

### 4. A stay will not reduce the burden of litigation on the parties and the court

Maintaining a stay will not lessen the burden of litigation on the parties or the Court. Since the Patents-in-Suit claim technological inventions, not abstract ideas relating to a financial product or service, the Patent Office will most likely deny CBM review of the Patents-in-Suit. Hence, GT Nexus and INTTRA would still have to move forward with exchanging invalidity and infringement contentions as well as preparing for claim construction. Rather than expediting the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 24815779.1

7

INTTRA'S REPLY TO OPPOSITION TO
MOTION TO LIFT STAY AND REOPEN ACTION
CASE NO. 4:11-cv-02145-SBA

1 case, a further stay will prolong reaching a resolution and the time this case is on the Court's
2 docket by at least another year.

3       GT Nexus' cases do not support a further stay. None of these cases involve a party
4 attempting to delay litigation through a CBM review *after* claims have been added, amended, and
5 confirmed. *See Zillow, Inc. v. Trulia, Inc.*, C12-1549JLR, 2013 WL 5530573, at *2-3 (W.D.
6 Wash. Oct. 7, 2013) (granting motion to stay after accused infringer filed CBM review during
7 ongoing *inter partes* proceedings); *Credit Acceptance Corp. v. Westlake Servs., LLC*, CV 13-
8 01523 SJO MRNX, 2013 WL 7144391, at *2-3 (C.D. Cal. Dec. 30, 2013) (granting motion to
9 stay when accused infringer filed a CBM petition but did not initiate any reexamination
10 proceedings beforehand); *Mkt.-Alerts Pty. Ltd. v. Bloomberg Fin. L. P.*, 922 F. Supp. 2d 486, 488
11 (D. Del. 2013) (granting motion to stay when accused infringer filed a CBM review petition but
12 did not previously file for reexamination proceedings); *Progressive Cas. Ins. Co. v. Safeco Ins.*
13 *Co. of Illinois*, 1:10CV01370, 2013 WL 1662952, at *1 (N.D. Ohio Apr. 17, 2013) (granting
14 motion to stay when Patent Office authorized CBM review but the accused infringer did not
15 previously initiate any reexamination proceedings). These cases are inapposite because none
16 justifies a further stay while the accused infringer pursues administrative proceedings on a
17 piecemeal basis. This case should be permitted to move towards a resolution.

18 **IV.**     **<u>CASES STAYED PENDING THE *ALICE CORP*. HOLDING DO NOT APPLY</u>**

19       This Court should not stop this litigation to await the Supreme Court's decision in *Alice*
20 *Corp*. A district court case will never reach a resolution if it is halted by the appellate resolution
21 of issues arising in other cases that could theoretically impact the current matter. There is,
22 moreover, no telling whether the Supreme Court's decision will be of any relevance to this case.
23 Regardless of its applicability, however, the Supreme Court's opinion is expected in June 2014,
24 which will be around the time the parties in this litigation would be expected to complete their
25 initial round of Patent Local Rule disclosures if the stay is lifted. If the Supreme Court's opinion
26 is of any relevance, it can be applied by the Court to address any invalidity issues raised by GT
27 Nexus in accordance with Patent L.R. 3-3.

28       None of GT Nexus' cases support a stay pending the *Alice Corp.* holding. In *Bascom*

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Palo Alto

DB2/ 24815779.1

8

INTTRA'S REPLY TO OPPOSITION TO
MOTION TO LIFT STAY AND REOPEN ACTION
CASE NO. 4:11-cv-02145-SBA

*Research LLC v. Facebook, Inc.*, while the district court entered a stay pending the Supreme Court's decision, the case was at a much more advanced stage because the parties had crystallized their infringement and invalidity theories through the Patent Local Rule process and the case was on the heels of claim construction. *Bascom Research LLC v. Facebook Inc.*, No. 3:12-cv-06293-SI, Dkt No. 134, at 2 (N.D. Cal. Jan. 13, 2014). Similarly, in both *Data Distribution Techs. LLC v. Brer Affiliates, Inc.* and *The Money Suite Co. v. 21st Century Ins. & Fin. Servs., Inc.*, these cases were stayed because they involved motions to dismiss that required the courts to conduct patent-eligibility analyses before the Supreme Court rules in *Alice Corp*. *See Data Distribution Techs. LLC v. Brer Affiliates, Inc.* No. 1:12-cv-04878-JBS-KMW, Dkt No. 52, at 1-4 (D.N.J. Jan. 15, 2014); *The Money Suite Co. v. 21st Century Ins. & Fin. Servs., Inc.*, No. 1:13-cv-00984-GMS, Dkt. No. 16, at 1-4 (D. Del. Jan. 9, 2014). In contrast, this litigation is not at a stage that requires the Court to perform patent-eligibility analyses before the *Alice Corp.* holding. There is simply no need to delay the litigation pending *Alice Corp*.

## V.     CONCLUSION

For the foregoing reasons, INTTRA respectfully requests the Court to lift stay and reopen action.

Dated:  February 25, 2014                                     Respectfully submitted,

                                                              MORGAN, LEWIS & BOCKIUS LLP

                                                              By   /s/ Ahren C. Hsu-Hoffman
                                                                   Daniel Johnson, Jr.
                                                                   Michael J. Lyons
                                                                   Ahren C. Hsu-Hoffman

                                                                   Attorneys for Defendant and Counter-
                                                                   Plaintiff, INTTRA, INC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 24815779.1

9

INTTRA'S REPLY TO OPPOSITION TO
MOTION TO LIFT STAY AND REOPEN ACTION
CASE NO. 4:11-cv-02145-SBA