STEFANI E. SHANBERG, State Bar No. 206717
ROBIN L. BREWER, State Bar No. 253686
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105-1126
Telephone: (415) 947-2000
Facsimile: (415) 947-2099
E-Mail: sshanberg@wsgr.com
rbrewer@wsgr.com

Attorneys for Plaintiff and
Counter-Defendant GT NEXUS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| GT NEXUS, INC., a Delaware corporation, Plaintiff, v. INTTRA INC., a Delaware corporation, Defendant. AND RELATED CROSS-ACTION. | Case No. 4:11-cv-02145-SBA **GT NEXUS, INC.'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUR-REPLY IN SUPPORT OF OPPOSITION TO INTTRA INC.'S MOTION TO LIFT STAY AND REOPEN ACTION** |

Pursuant to Civil Local Rules 7-3 and 7-11, and in view of this Court vacating the hearing on this motion, GT Nexus, Inc. ("GT Nexus") requests leave to submit a sur-reply to address certain evidence and arguments raised for the first time in INTTRA Inc.'s ("INTTRA") reply brief in support of its motion to lift stay and reopen action.

In advance of INTTRA Inc.'s Motion to Lift the Stay and Reopen Action ("Motion"), as part of the meet and confer process, GT Nexus presented the exact grounds on which it intended to oppose INTTRA's Motion. GT Nexus informed INTTRA of its intention to seek Covered Business Method Patent Review ("CBM Review") of the asserted patents and to oppose INTTRA's motion on such grounds. GT Nexus further explained that the asserted patents attempt to claim unpatentable subject matter and are invalid under 35 U.S.C. § 101. As the Supreme Court is currently considering *Alice Corp.*, which will address patentable subject matter under 35 U.S.C. § 101, and in view of the CBM petitions, GT Nexus expressed to INTTRA its belief that lifting the current stay was premature and would unnecessarily waste the court's and the parties' resources.

INTTRA was, therefore, fully aware of the grounds for which GT Nexus intended to oppose its motion to lift the stay, but failed to substantively address these grounds in its opening motion, submitting instead a three page motion focused solely on the conclusion of the *ex parte* reexaminations. In contrast, INTTRA's reply introduced not only new arguments, but also new evidence in the form of an inventor declaration. As this information was not included in the opening brief, GT Nexus was unable to consider or respond to it in its opposition.

In addition, on February 28, 2014, this Court vacated the hearing on this motion, leaving GT Nexus without an opportunity to respond to the arguments and evidence presented for the first time in INTTRA's reply. Therefore, GT Nexus respectfully requests leave to file a Sur-reply in Support of Its Opposition to INTTRA's Motion to Lift Stay and Reopen Action, which is submitted herewith as Exhibit 1 to this Administrative Motion. INTTRA indicated that it

/ / /

/ / /

/ / /

would not agree to a stipulation and opposes GT Nexus's Administrative Motion.  *See* Brewer Declaration in Support of GT Nexus's Administrative Motion, ¶ 2.

Dated:  March 3, 2014                                   WILSON SONSINI GOODRICH & ROSATI
                                                        Professional Corporation


                                                        By:      /s/ *Robin L. Brewer*
                                                                    Robin L. Brewer

                                                        Attorneys for Plaintiff and
                                                        Counter-Defendant GT NEXUS, INC.