Morgan, Lewis & Bockius LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA  94306
Tel.  +1.650.843.4000
Fax: +1.650.843.4001
www.morganlewis.com

**Morgan Lewis**
COUNSELORS AT LAW

**Ahren C. Hsu-Hoffman**
Associate
+1.650.843.7250
ahsu-hoffman@morganlewis.com

January 15, 2015

**VIA ECF**

Hon. Saundra Brown Armstrong
U.S. District Court, Northern District of California
1301 Clay Street
Oakland, CA 94612

Re:    *GT Nexus, Inc. v. INTTRA, Inc.*, No. 11-02145-SBA
        Joint Status Report

Dear Judge Armstrong:

On July 9, 2014, the Court ordered that this case remain stayed pending completion of Covered Business Method ("CBM") review proceedings involving the patents-in-suit.  Dkt. No. 71.  Following institution, INTTRA, Inc. ("INTTRA") moved to dismiss the CBM reviews on the grounds that GTNX, Inc. ("GTNX") is barred from filing the CBM petitions due to their prior filing of this declaratory judgment action.  GTNX opposed.  On December 10, 2014, the Patent Trial and Appeal Board ("PTAB") agreed that the requested CBMs were barred, granted INTTRA's motion to dismiss, vacated its decisions to institute the CBM reviews, and terminated the CBM proceedings.  On January 9, 2015, GTNX filed a notice of appeal, appealing the PTAB's decisions to the Federal Circuit.

Pursuant to the Court's order that the parties notify it within two (2) weeks of completion of the CBM review process, the parties hereby submit this joint notice.

INTTRA's position:
It is INTTRA's position that the CBM review process is now complete.  INTTRA respectfully submits that this case has already been stayed long enough (2 years, 11 months to be precise) to allow GTNX to challenge the validity of the patents before the PTO, and GTNX has not been successful in any of its nine Patent Office proceedings.  GTNX's efforts to appeal the termination of the CBM reviews is not a reason to continue the stay because the CBM statutes plainly provide that decisions not to institute CBM reviews are "final and nonappealable."  35 U.S.C. § 324(e).  In addition, the statutes

Morgan Lewis
COUNSELORS AT LAW

Hon. Saundra Brown Armstrong
January 15, 2015
Page 2

governing CBM reviews make explicit that a petitioner is barred from filing for CBM review of a patent after having first filed a declaratory judgment action regarding that patent. *See* 35 U.S.C. § 325(a)(1). A precedential Board decision—which was approved by the Director and designated as precedential after INTTRA filed its preliminary responses—confirmed that this statutory bar applies to CBM reviews and thus bars CBM review if a petitioner first filed a declaratory judgment action. There is no dispute that GTNX filed the instant declaratory judgment action on May 2, 2011, and did not file the CBM petitions until almost three years later. Since GTNX's pending appeal is barred by statute, it does not justify a continued stay of this action. INTTRA respectfully requests that the Court lift the stay, re-open this action, and schedule a case management conference at its earliest convenience.

GT Nexus's position:
The CBM review process is not complete in view of the appeal, and lifting the stay is premature. The PTAB instituted CBM reviews on all patents, finding it more likely than not that all claims are unpatentable under both 35 U.S.C. § 101 and in view of the prior art. During the middle of trial, on an argument INTTRA failed to raise in its preliminary response, the Board prematurely and inappropriately terminated the proceedings. In doing so, the Board ignored a rule promulgated by the Director permitting CBM review where the petitioner had filed a declaratory judgment action citing 35 U.S.C. § 325(a)(1). Section 325(a)(1), however, relates to post grant review, *not* CBM review. The Board finds itself on the opposite side of the issue from the Director, creating an internal schism at the Patent Office that the Federal Circuit needs to address.

GT Nexus properly appealed to the Federal Circuit, as the Board had already instituted the CBM reviews, and the order grants a motion to dismiss. GT Nexus also appealed under 28 U.S.C. § 1295 (a)(4)(A), 28 U.S.C. § 1651, and/or 5 U.S.C. §§ 702 and 704, grounds in no way implicated by INTTRA's argument that appeal under 35 U.S.C. § 141 is improper.

The appeal does not alter the grounds for maintaining the stay pending CBM review. The PTAB instituted CBM review as to all claims of all patents and has already invested significant resources in analyzing patentability under §§ 101 and 103. Duplication of these efforts should be avoided if possible. Further, INTTRA brought the motion resulting in the current procedural posture rather than addressing the CBM reviews on the merits and demonstrating the alleged patentability of the claims. INTTRA delayed a further decision on the merits. As the appeal does not actually change any of the stay factors, the stay should be maintained until the CBM reviews are finally resolved, including appeal.

Hon. Saundra Brown Armstrong
January 15, 2015
Page 3

Morgan Lewis
COUNSELORS AT LAW

| | |
|---|---|
| Sincerely, | Sincerely, |
| **Morgan, Lewis & Bockius LLP** | **Wilson Sonsini Goodrich & Rosati LLP** |
| */s/ Ahren C. Hsu-Hoffman* | */s/ Robin L. Brewer* |
| Ahren C. Hsu-Hoffman | Robin L. Brewer |

DB2/ 25602772.1