MORGAN, LEWIS & BOCKIUS LLP
DANIEL JOHNSON, JR. (SBN 57409)
MICHAEL J. LYONS (SBN 202284)
AHREN C. HSU-HOFFMAN (SBN 250469)
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA  94306
Tel:    650.843.4000
Fax:   650.843.4001
Email:  djjohnson@morganlewis.com
Email:  mlyons@morganlewis.com
Email:  ahsu-hoffman@morganlewis.com

Attorneys for Defendant and Counter-Plaintiff
INTTRA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GT NEXUS, INC., a Delaware corporation,<br><br>                        Plaintiff,<br>            v.<br><br>INTTRA, INC., a Delaware corporation,<br><br>                        Defendant.<br>            and<br><br>INTTRA, INC., a Delaware corporation,<br><br>                        Counter-Plaintiff,<br>            v.<br><br>GT NEXUS, INC., a Delaware corporation, CROWLEY MARITIME CORPORATION, a Delaware corporation, CROWLEY LINER SERVICES, INC., a Delaware corporation, INDEPENDENT CONTAINER LINE, LTD., a Bahamas corporation,  SEABOARD MARINE, LTD., INC., a Liberian corporation, SEA STAR LINE, LLC, a Delaware corporation, TURKON LINES AMERICA, INC., a Turkish corporation, BACARDI-MARTINI PRODUCTION, a French corporation,<br>                        Counter-Defendants. | Case No. 4:11-cv-02145-SBA<br><br>**DEFENDANT AND COUNTER-PLAINTIFF INTTRA, INC.'S NOTICE OF MOTION AND MOTION TO LIFT THE STAY AND REOPEN ACTION**<br><br>Date:  March 3, 2015<br>Time:  1:00 p.m.<br>Courtroom:  1<br>Judge:  Saundra B. Armstrong |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 25723463.1

INTTRA'S NOTICE OF MOTION AND
MOTION TO LIFT STAY AND REOPEN
ACTION; 4:11-CV-02145-SBA

# NOTICE OF MOTION

TO ALL PARTIES, THEIR COUNSEL OF RECORD, AND THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that on Tuesday, March 3, 2015, at 1:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 1, 4th Floor of the United States District Court for the Northern District of California, Oakland Division, before the Honorable Saundra B. Armstrong, Defendant and Counter-Plaintiff INTTRA, Inc. ("INTTRA") will and hereby does move the Court for entry of an order lifting the stay and reopening this action. This motion is based on this notice, the accompanying memorandum of points and authorities, the cited declarations, the pleadings, records and files in this action, and such other evidence and argument the Court considers at the hearing on this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This case has been stayed since February 2012 to allow multiple reexamination proceedings and subsequent CBM reviews initiated by Plaintiff GT Nexus, Inc. ("GT Nexus") to run their course. After three years and nine separate unsuccessful attacks on the patents-in-suit, it is now time to lift the stay. The reexamination proceedings were completed over a year ago, and the Patent Trial and Appeal Board (the "Board") has terminated the Covered Business Method ("CBM") reviews. The Board terminated the reviews pursuant to a recent precedential decision, *SecureBuy, LLC v. CardinalCommerce Corp.*, Case CBM2014-00035 (PTAB) (Paper 12) (designated "Precedential" on Jul. 31, 2014), that confirmed the Board did not have statutory authority to conduct a CBM review of a patent whose validity had first been challenged by the petitioner in a district court proceeding. There is no dispute that GT Nexus first challenged the validity of the patents-in-suit in this Court years before filing its CBM petitions. Therefore, the Board correctly concluded that it is statutorily barred from conducting CBM reviews of the patents-in-suit. The Board "terminate[d] the [CBM] reviews of these four patents and vacate[d] [its] institution of review in these proceedings." Hsu-Hoffman Decl. Ex. A (Termination Order)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 25723463.1

1

INTTRA'S NOTICE OF MOTION AND
MOTION TO LIFT STAY AND REOPEN
ACTION; 4:11-CV-02145-SBA

at 5.

GT Nexus now contends that it has a right to appeal the Termination Order and that this justifies a continuance of the stay. This is wrong. As explained below, GT Nexus is statutorily barred from appealing the Termination Order because the Federal Circuit can only hear appeals of *final* Board decisions concerning the patentability of a challenged claim. In addition, the statutes governing CBM reviews expressly bar appeals of decisions not to conduct CBM reviews. Under the statutory heading, "**No Appeal**," Section 324(e) states that "[t]he determination by the [PTAB] whether to institute a post-grant review under this section shall be final and **nonappealable**." *Id.* § 324(e) (emphasis added).[1] *Inter partes* reviews are governed by identical statutory restrictions, and the Federal Circuit has found this provision to preclude appeals of decisions not to institute. *See St. Jude Med., Cardiology Div., Inc. v. Volcano Corp.*, 749 F.3d 1373, 1375 (Fed. Cir. 2014). In fact, the Federal Circuit has rejected efforts to appeal any IPR or CBM institution decisions by the Board.

Because an appeal of the Termination Order is barred by the CBM statutes and the Federal Circuit has expressly held that it is without jurisdiction to hear an appeal of a non-institution decision, GT Nexus' pending appeal cannot be heard and does not justify a continued stay. This case has been stayed long enough (nearly 3 years) to allow GT Nexus to challenge the validity of the patents before the Patent Office.[2] GT Nexus has not been successful in any of the nine Patent Office proceedings it has pursued and should not be heard to ask for yet more delay to pursue a futile appeal. It is time for this case to proceed towards a resolution.

II. **ARGUMENT**

A. **GT Nexus' Attempt To Appeal The Termination Order Is Barred By Statute**

GT Nexus' attempt to appeal the Termination Order is not a reason to continue the stay

---

[1] This statute applies to CBM reviews because a CBM review is a type of post-grant review. American Invents Act § 18(a).

[2] The Court stayed this case on July 9, 2014 pending completion of CBM proceedings involving the patents-in-suit. Docket No. 71. In addition to requesting a joint status letter, which the parties filed on January 15, 2015, the Court's order provided that "[i]f GT Nexus's petitions for CBM review are denied, [INTTRA] may file a motion requesting to lift the stay and reopen the action." *Id.* at 10.

because the CBM statutes make explicit that there may be no appeal of the Board's decision not to conduct the CBM reviews.

*First*, the CBM statutes only authorize appeals to the Federal Circuit from "the **final written decision** of the Patent Trial and Appeal Board," 35 U.S.C. §§ 141(c), 329 (emphasis added), and the statutes expressly defines such a decision as concerning "the **patentability** of any patent claim challenged by the petitioner," *id.* § 328(a) (emphasis added). What GT Nexus is attempting to appeal here is a decision to terminate, *i.e.*, not conduct, CBM reviews. The Termination Order is not a "final written decision" under Section 328(a) because it does not address the patentability of any claim. Thus, there is no statutory authorization to appeal the Termination Order to the Federal Circuit.

*Second*, in addition to limiting appeals to "final written decisions," the CBM statutes go one step further—they expressly bar appeals of decisions not to conduct CBM reviews. Under the statutory heading, "**No Appeal**," Section 324(e) states that "[t]he determination by the [PTAB] whether to institute a post-grant review under this section shall be final and **nonappealable**." *Id.* § 324(e) (emphasis added).[3] The Termination Order is a decision not to institute a CBM review because it terminated the CBM reviews before there was a final written decision and vacated the Board's preliminary decision to institute the reviews. Thus, GT Nexus is statutorily barred from appealing the Termination Order.

### B. The *St. Jude* Decision Confirms That No Appeal Lies From The Termination Order

The Federal Circuit has interpreted these same statutory provisions governing IPRs and found they "make *clear* that [the Federal Circuit] lack[s] jurisdiction" over a non-institution decision. *St. Jude Med., Cardiology Div., Inc. v. Volcano Corp.*, 749 F.3d 1373, 1375 (Fed. Cir. 2014). In *St. Jude*, the Federal Circuit granted a motion to dismiss an appeal of a Board's decision not to conduct an *inter partes* review, finding that it was without jurisdiction to hear the appeal. Interpreting the corresponding "final written decision" and "No Appeal" provisions

---

[3] This statute applies to CBM reviews because a CBM review is a type of post-grant review. American Invents Act, § 18(a)(1).

governing IPR (they are in all material respects identical to the above-cited CBM provisions), the Federal Circuit declared that "the statute goes beyond merely omitting, and underscoring through its structure the omission of, a right to appeal the non-institution decision. **It contains a broadly worded bar on appeal**." *Id.* at 1376 (emphasis added). Accordingly, the Federal Circuit concluded that the statute "***certainly*** bars an appeal of [a] non-institution decision." *Id.* (emphasis added).

Because appeal rights are limited to "final written decisions" and because appeals of Board decisions whether to institute a review are expressly barred, the Federal Circuit has routinely rejected appeals of Board decisions not to proceed with IPRs or CBM reviews. In fact, at least five others have attempted to appeal IPR or CBM institution decisions prior to GT Nexus, and the Federal Circuit has ruled in **each and every one** that no appeal lies from such decisions.[4] Accordingly, *St. Jude* and multiple other Federal Circuit decisions confirm that GT Nexus has no right to appeal the Board's Termination Order.

### C. The Other Statutes Cited By GT Nexus Do Not Provide A Basis For An Appeal

GT Nexus contends that it can appeal the Termination Order pursuant to "28 U.S.C. § 1295 (a)(4)(A), 28 U.S.C. § 1651, and/or 5 U.S.C. §§ 702 and 704." D.I. 72 at 2. This is not correct. With respect to 28 U.S.C. § 1295(a)(4)(A), the Federal Circuit rejected the notion that this statute provides a right to appeal an institution decision. As the Court explained, "[t]hat provision is most naturally read to refer precisely to the Board's decision under section 318(a) **on the merits** of the *inter partes* review, **after it 'conducts' the proceeding** that the Director has 'instituted.'" *St. Jude Med.*, 749 F.3d at 1376 (emphasis added); *see ZOLL Lifecor Corp.*, 577 F. App'x at 993 (refusing to hear appeal of PTAB non-institution decision under 28 U.S.C. § 1295 (a)(4)(A)). The Court declared that "the statutory grant of jurisdiction to this court matches the appeal right in chapter 31 and section 141(c), and [Petitioner's] appeal is outside both." *St. Jude*

---

[4] *See, e.g.*, In re *Dominion Dealer Solutions, LLC.*, 749 F.3d 1379, 1381 (Fed. Cir. 2014); *In re Procter & Gamble Co.*, 749 F.3d 1376, 1378-79 (Fed. Cir. 2014); *In re Versata Dev. Grp., Inc.*, 564 F. App'x 1025, 1026 (Fed. Cir. 2014); *ZOLL Lifecor Corp. v. Philips Electronics N. Am. Corp.*, 577 F. App'x 991, 993 (Fed. Cir. 2014).

*Med.*, 749 F.3d at 1376. Therefore, Section 1295(a)(4)(A) does not undo the statutory restrictions that explicitly preclude appellate review of IPR and CBM institution decisions.

None of the other sections cited by GT Nexus provide a right to appeal either. Section 1651 is the general writ section, which provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The Federal Circuit has held that Section 1651 mandamus petitions do not provide a right to challenge a non-institution decision. *See Dominion Dealer Solutions*, 749 F.3d at 1381 ("At a minimum, given our conclusions [in the *St. Jude* decision] about the statutory scheme, Dominion has no 'clear and indisputable' right to challenge a non-institution decision directly in this court, including by way of mandamus."). Sections 702 and 704, which provide a right to judicial review of certain actions taken by government agencies, do not apply because GT Nexus has not sued the United States or the Director of the Patent Office.

### III. CONCLUSION

GT Nexus' pending appeal does not justify a continued stay of this action. GT Nexus is barred from appealing the Termination Order because CBM appeals are limited to "final written decisions," and appeals of non-institution decisions are expressly forbidden. The Board's straightforward conclusion that it was statutorily barred from conducting CBM reviews of the patents-in-suit is not subject to any reasonable dispute. Thus, GT Nexus' appeal is not only barred by statute but also without merit. INTTRA respectfully requests that the Court lift the stay, re-open this action, and schedule a case management conference at its earliest convenience.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 25723463.1

5

INTTRA'S NOTICE OF MOTION AND
MOTION TO LIFT STAY AND REOPEN
ACTION; 4:11-CV-02145-SBA

| | |
|---|---|
| Dated: January 27, 2015 | Respectfully submitted, |
| | MORGAN, LEWIS & BOCKIUS LLP |
| | By /s/ Ahren C. Hsu-Hoffman |
| | Daniel Johnson, Jr. |
| | Michael J. Lyons |
| | Ahren C. Hsu-Hoffman |
| | Attorneys for Defendant and Counter-Plaintiff, INTTRA, INC. |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 25723463.1

6

INTTRA'S NOTICE OF MOTION AND
MOTION TO LIFT STAY AND REOPEN
ACTION; 4:11-CV-02145-SBA