MORGAN, LEWIS & BOCKIUS LLP
DANIEL JOHNSON, JR. (SBN 57409)
MICHAEL J. LYONS (SBN 202284)
AHREN C. HSU-HOFFMAN (SBN 250469)
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA  94306
Tel:     650.843.4000
Fax:    650.843.4001
Email:  djjohnson@morganlewis.com
Email:  mlyons@morganlewis.com
Email:  ahsu-hoffman@morganlewis.com

Attorneys for Defendant and Counter-Plaintiff
INTTRA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GT NEXUS, INC., a Delaware corporation,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>INTTRA, INC., a Delaware corporation,<br><br>　　　　　　　Defendant.<br>　　and<br>INTTRA, INC., a Delaware corporation,<br><br>　　　　　　　Counter-Plaintiff,<br>　　v.<br><br>GT NEXUS, INC., a Delaware corporation, CROWLEY MARITIME CORPORATION, a Delaware corporation, CROWLEY LINER SERVICES, INC., a Delaware corporation, INDEPENDENT CONTAINER LINE, LTD., a Bahamas corporation,  SEABOARD MARINE, LTD., INC., a Liberian corporation, SEA STAR LINE, LLC, a Delaware corporation, TURKON LINES AMERICA, INC., a Turkish corporation, BACARDI-MARTINI PRODUCTION, a French corporation,<br>　　　　　　　Counter-Defendants. | Case No. 4:11-cv-02145-SBA<br><br>**DEFENDANT AND COUNTER-PLAINTIFF INTTRA, INC.'S REPLY ISO MOTION TO LIFT THE STAY AND REOPEN ACTION**<br><br>Date:  March 3, 2015<br>Time:  1:00 p.m.<br>Courtroom:  1<br>Judge:  Saundra B. Armstrong |

# **TABLE OF CONTENTS**

Page(s)

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................. 1

    A. GT Nexus's Appeal Is Futile And Was Only Filed For Delay ............................... 1

        1. GT Nexus's Appeals Cannot Be Heard ....................................................... 2

        2. GT Nexus Filed Its Appeal To Further Delay These Proceedings.............. 3

    B. With The CBMs Concluded, All Four Factors Favor Lifting The Stay................... 4

        1. Further Stay Will Not Simplify The Issues Or Streamline Further Litigation ..................................................................................................... 4

        2. This Lawsuit Has Been Stayed For Three Years, Weighing In Favor Of Lifting The Stay ..................................................................................... 5

        3. A Continuation Of The Stay Unduly Prejudices INTTRA And Provides GT Nexus An Unfair Competitive Advantage............................. 6

        4. A Continuation Of The Stay Will Not Reduce Any Burdens Of The Litigation On The Parties Or On The Court................................................ 7

    C. This Case Should Not Be Further Stayed Pending GT Nexus's Filing Of A Motion For Summary Judgment ............................................................................. 7

III. CONCLUSION ................................................................................................................ 9

i   INTTRA'S REPLY ISO MOTION TO LIFT STAY AND REOPEN ACTION;
4:11-cv-02145-SBA

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Alice Corp. Pty. v. CLS Bank Int'l*,
    134 S. Ct. 2347, 189 L. Ed. 2d 296 (2014) .................................................................................. 8

*Avago Technologies Fiber IP (Singapore) Pte. Ltd. v. IPtronics Inc.*,
    No. 10-CV-02863-EJD, 2011 WL 3267768 (N.D. Cal. July 28, 2011) .................................... 6

*Bancorp Servs., L.L.C. v. Sun Life Assur. Co. of Canada (U.S.)*,
    687 F.3d 1266 (Fed. Cir. 2012) ................................................................................................. 7

*Data Distribution Technologies, LLC v. BRER Affiliates, Inc.*,
    No. CIV. 12-4878 ....................................................................................................................... 8

*DDR Holdings, LLC v. Hotels.com, L.P.*,
    773 F.3d 1245 (Fed. Cir. Dec. 5, 2014) ..................................................................................... 8

*Harris Corp. v. Ruckus Wireless, Inc.*,
    Case No. 6:11-CV-618-ORL-KRS (M. D. Fla. Oct. 1, 2014) ................................................... 7

*Illumina, Inc. v. Life Technologies Corp.*,
    No. 11CV03022-CAB NLS (S.D. Cal. Nov. 20, 2014) ............................................................. 5

*In re Bd. of Trustees of Univ. of Illinois*,
    564 F. App'x 1021 (Fed. Cir. 2014) ........................................................................................... 2

*In re Cuozzo Speed Technologies, LLC*,
    No. 2014-1301, 2015 WL 448667 (Fed. Cir. Feb. 4, 2015) ...................................................... 3

*In re Dominion Dealer Solutions, LLC.*,
    749 F.3d 1379 (Fed. Cir. 2014) ................................................................................................. 2

*In re Procter & Gamble Co.*,
    749 F.3d 1376 (Fed. Cir. 2014) ................................................................................................. 2

*In re Versata Dev. Grp., Inc.*,
    564 F. App'x 1025 (Fed. Cir. 2014) ........................................................................................... 2

*Interwoven, Inc. v. Vertical Computer Sys., Inc.*,
    No. C 10-04645 RS, 2012 WL 761692 (N.D. Cal. Mar. 8, 2012) (Seeborg, J.) ....................... 6

*One No. Corp. v. Google Inc.*,
    No. 1:10-CV-312-RLY-TAB, 2012 WL 1493843 (S.D. Ind. Apr. 26, 2012) .......................... 5

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

ii   INTTRA'S REPLY ISO MOTION TO LIFT
STAY AND REOPEN ACTION;
4:11-cv-02145-SBA

# TABLE OF AUTHORITIES
(continued)

Page(s)

*SAGE Electrochromics, Inc. v. View, Inc.*,
   No. 12-CV-06441-JST, 2015 WL 66415 (N.D. Cal. Jan. 5, 2015) ........................................ 6

*Sandborn v. Avid Tech., Inc.*,
   No. CIV.A. 11-11472-FDS, 2013 WL 4784265 (D. Mass. Sept. 5, 2013) .............................. 8

*SoftView LLC v. Apple Inc.*,
   No. CIV. 10-389-LPS, 2012 WL 3061027 (D. Del. July 26, 2012) ....................................... 5

*St. Jude Med., Cardiology Div., Inc. v. Volcano Corp.*,
   749 F.3d 1373 (Fed. Cir. 2014) .................................................................................... 2, 3, 7

*Tokuyama Corp. v. Vision Dynamics, LLC*,
   No. C082781SBA, 2008 WL 4532565 (N.D. Cal. Oct. 9, 2008) (Armstrong, J.) ................... 6

*Versata Software, Inc. v. Callidus Software, Inc.*,
   771 F.3d 1368 (Fed. Cir. 2014) ............................................................................................ 4

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
   759 F.3d 1307 (Fed. Cir. 2014) (Newman, J., dissenting) ................................................ 3, 4

*Zillow, Inc. v. Trulia, Inc.*,
   No. C12-1549JLR, 2013 WL 4782287 (W.D. Wash. Sept. 6, 2013) ..................................... 7

*ZOLL Lifecor Corp. v. Philips Electronics N. Am. Corp.*,
   577 F. App'x 991 (Fed. Cir. 2014) ....................................................................................... 2

**STATUTES**

35 U.S.C. § 324 ............................................................................................................................ 2

35 U.S.C. § 328 ............................................................................................................................ 3

**OTHER AUTHORITIES**

157 Cong. Rec. S1360-02 ............................................................................................................. 9

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Palo Alto

iii   INTTRA'S REPLY ISO MOTION TO LIFT
STAY AND REOPEN ACTION;
4:11-cv-02145-SBA

I.     **INTRODUCTION**

GT Nexus's opposition confirms that this case need not await dismissal of the pending appeals, which decisive Federal Circuit authority confirms are barred by statute.  The Federal Circuit has made it clear that only "final decisions" that address the merits of patentability in *inter partes* reviews, post-grant reviews, and CBMs, are appealable.  GT Nexus cites no case that undermines this clear authority.  In fact, in its opposition, GT Nexus concedes that the termination decisions are not "final decisions"—rather, it contends that they merely pertain to the "conduct" of the proceedings.  *See* Opp. at 11.  Indeed, the PTAB's termination decisions come nowhere close to being a "final decision" because they terminated for lack of standing, not for anything having to do with patentability.  Therefore, since GT Nexus's appeals seek review of what are squarely non-final decisions, they are barred and will be rejected by the Federal Circuit.

This case should not be stayed to await the Federal Circuit's rejection of GT Nexus's appeals.  GT Nexus's sole purpose in pursuing these appeals is to exact more delay in a case that has already been stayed for three years, while GT Nexus has been infringing INTTRA's patents and eroding INTTRA's market share with impunity.  GT Nexus has now pursued a total of nine separate proceedings at the Patent Office, all of which were unsuccessful, and it should not be afforded any more opportunities to further delay this case.  A continued stay will only further prejudice INTTRA and prolong ultimate resolution of this case.

II.    **ARGUMENT**

   A.    **GT Nexus's Appeal Is Futile And Was Only Filed For Delay**

On October 16, 2014, the PTAB convened a call to discuss the institution of the CBM reviews and whether the reviews should be conducted.  Declaration of Ahren Hsu-Hoffman ("Hsu-Hoffman Decl. I"), Ex. A at 2.  The PTAB authorized the filing of a motion to dismiss and, on December 10, 2014, prior to the filing of any Response or expert declaration by INTTRA, the PTAB vacated its decisions to conduct a trial and terminated the proceedings.  Declaration of Ahren Hsu-Hoffman, filed with Motion to Lift Stay and Re-Open Action ("Hsu-Hoffman Decl. II"), Ex. A, D.I. 73–2 at 5.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1

INTTRA'S REPLY ISO MOTION TO LIFT
STAY AND REOPEN ACTION;
4:11-CV-02145-SBA

On January 9, 2015, a month after the conclusion of CBM proceedings, GT Nexus filed appeals to the Federal Circuit challenging the PTAB's decision to vacate its decision to institute CBM review of the INTTRA patents. Declaration of Robin Brewer, filed with GT Nexus Opposition to Motion to Lift Stay and Re-Open Action ("Brewer Decl."), Ex. E. at 1, 3. GT Nexus filed these appeals with full knowledge that the statutes governing post-grant reviews and CBMs bar such appeals.

### 1. GT Nexus's Appeals Cannot Be Heard

Under the heading of "NO APPEAL," 35 U.S.C. § 324 states that "[t]he determination by the [PTAB] whether to institute a post-grant review under this section shall be final and nonappealable." 35 U.S.C. § 324(e). The Federal Circuit has repeatedly held that this provision precludes such appeals and has refused to even **hear** the appeal each and every time one has been attempted. *See St. Jude Med., Cardiology Div., Inc. v. Volcano Corp.*, 749 F.3d 1373, 1375 (Fed. Cir. 2014) ("we may not hear St. Jude's appeal"); *In re Dominion Dealer Solutions, LLC.*, 749 F.3d 1379, 1381 (Fed. Cir. 2014) ("such a challenger may not appeal the non-institution decision to this court"); *In re Procter & Gamble Co.*, 749 F.3d 1376, 1378-79 (Fed. Cir. 2014) ("our jurisdictional statute requires that we may not hear an appeal from the Director's decision to institute an *inter partes* review"); *In re Bd. of Trustees of Univ. of Illinois*, 564 F. App'x 1021 (Fed. Cir. 2014) ("the applicable statutory scheme precludes the court from hearing an appeal from the Director's decision to institute an *inter partes* review"); *In re Versata Dev. Grp., Inc.*, 564 F. App'x 1025, 1025-26 (Fed. Cir. 2014) ("the applicable statutory scheme precludes the court from hearing an appeal from the Director's decision to institute an *inter partes* review" and "[t]he statutory provisions applicable to post-grant review contain an identical bar"); *ZOLL Lifecor Corp. v. Philips Electronics N. Am. Corp.*, 577 F. App'x 991, 993 (Fed. Cir. 2014) ("these non-institution decisions fall outside of our limited review authority"). Accordingly, GT Nexus's appeals will not be heard by the Federal Circuit.

GT Nexus's only effort to justify its appeals—arguing they are not appealing the decision not to conduct the requested reviews, but of the resulting "termination of the CBM proceedings"

themselves—is not tenable.  *See* Opp. at 11.  The Federal Circuit has already held that an appeal of anything less than a final written decision would contravene the direct intent of Congress to bar appeals of decisions regarding institution.  As the Court explained, "[t]he final written decision is the **only** decision that the statute authorizes a dissatisfied party to appeal to this court." *St. Jude*, 749 F.3d at 1375 (emphasis added) (internal quotations omitted).  GT Nexus concedes it is not appealing a final written decision.  *See* Opp. at 11 (arguing only that this is an appeal from "the 'conduct' portion of the proceedings").  Indeed, the PTAB clarified that they "**have not made a final determination** under 35 U.S.C. § 328(a) with respect to the patentability of the challenged claims."  PTO Institution Decision, Brewer Decl., Ex. A at 23 (emphasis added).  As the PTAB has not issued a "final written decision," GT Nexus is barred from appealing.

Even if the PTAB's holding had been a final decision, review of the decision would not be appealable.  *In re Cuozzo Speed Technologies, LLC*, No. 2014-1301, 2015 WL 448667, at *3 (Fed. Cir. Feb. 4, 2015).  The *Cuozzo* court expressly held that the no appeal provision "is written to exclude **all** review of the decision whether to institute review" and "prohibits review of the decision to institute IPR even after a final decision."  *Id.* (emphasis added).

Accordingly, GT Nexus's appeal is futile and cannot be heard.

### 2. GT Nexus Filed Its Appeal To Further Delay These Proceedings

At least one Federal Circuit judge has recognized that "a stay pending CBM review may, depending on the circumstances, lead to inequity and tactical abuse." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1322 (Fed. Cir. 2014) (Newman, J., dissenting).  Judge Newman then explained that the "circumstances" she is referring to include where "[s]uccessive proceedings can add extensive delay to final resolution." *Id.*  Here, the PTO has already concluded nine separate reviews.  Further, as the PTO has terminated all proceedings, the Court will not get the benefit of anything further from the PTO.  Accordingly, any further delay is excessive and prejudicial.

Despite GT Nexus's filing of nine separate reviews in the PTO, INTTRA has repeatedly—and successfully—defended its patents in each review and has worked to minimize

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

3

INTTRA'S REPLY ISO MOTION TO LIFT
STAY AND REOPEN ACTION;
4:11-CV-02145-SBA

the time of each review so as to pursue this matter and obtain a resolution. Consistent with this, INTTRA notified the Board that institution of the CBMs was barred by statute. To ensure a rapid termination, INTTRA requested only one day to prepare and file its Motion. *See* Hsu-Hoffman Decl. I, Ex. A at 2. GT Nexus's statements about the delay due to their appeal being the fault of INTTRA for filing the Motion to Dismiss are nonsensical.

GT Nexus started infringing INTTRA's patents almost five years ago. Since that time, GT Nexus has continued to infringe INTTRA's patents with impunity and, as a competitor to INTTRA, GT Nexus's unauthorized use of INTTRA's patented system impacts INTTRA's performance in the marketplace. GT Nexus's futile appeal is simply one more tactic to continue infringing.

### B.  With The CBMs Concluded, All Four Factors Favor Lifting The Stay

Each of the four CBMs have been terminated. Accordingly, a stay is no longer appropriate. *VirtualAgility*, 759 F.3d at 1316 (noting that "the court should make every effort to expeditiously resolve the stay motion after the PTAB has made its CBM review determination" and that the "intent of Congress to allow for stays [was] to prevent unnecessary duplication of proceedings."). With no pending PTO proceedings, there is no risk of duplicated effort and no basis for a stay.

GT Nexus argues that the four factors courts typically evaluate when deciding whether to stay a case due to a pending CBM review apply here. Opp. at 1. This is incorrect because the CBM reviews have all been terminated. *See* Hsu-Hoffman Decl. II, Ex. A at 5. To the extent the Court determines that the factors do apply, when properly analyzed in light of the termination of the CBM proceedings and the futility of GT Nexus's appeal, each of the factors supports lifting the stay.

#### 1.  Further Stay Will Not Simplify The Issues Or Streamline Further Litigation

This factor considers "what would be resolved by CBM review versus what would remain." *Versata Software, Inc. v. Callidus Software, Inc.*, 771 F.3d 1368, 1372 (Fed. Cir. 2014). On December 10, 2014, the PTAB determined that each of the CBMs were instituted in error,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

4

INTTRA'S REPLY ISO MOTION TO LIFT
STAY AND REOPEN ACTION;
4:11-CV-02145-SBA

vacated its institution decisions, and terminated all proceedings. D.I. 73–2 at 5. Accordingly, nothing remains to be resolved by CBM review, so further stay cannot "simplify the issues in question [or] streamline the trial." Order Continuing Stay, D.I. 71 at 3. *See Illumina, Inc. v. Life Technologies Corp.*, Hsu-Hoffman Decl. I, Ex. B, No. 11CV03022-CAB NLS, at 3 (S.D. Cal. Nov. 20, 2014) ("[T]he USPTO's continued denial of Defendants' reexamination requests [] demonstrate it is highly unlikely continuing the stay will simplify the issues for trial…."). GT Nexus's argument that that there is "a significant chance" that the claims may be found unpatentable is contrary to the PTAB's own holding terminating all proceedings. *See* Opp. at 8. "Thus, maintaining the stay to await the remote chance that the issues would be further simplified on appeal [of PTO re-examination] is insufficient to keep the stay in place, especially since [GT Nexus] has not proffered any new evidence that is likely to produce a different result." *One No. Corp. v. Google Inc.*, No. 1:10-CV-312-RLY-TAB, 2012 WL 1493843, at *1 (S.D. Ind. Apr. 26, 2012). Further, GT Nexus's assertion is contrary to Federal Circuit precedent refusing to hear appeals of the PTO's refusal to conduct post-grant reviews. *See Dominion*, 749 F.3d at 1381. As there is no CBM review pending and the decision not to institute one cannot be appealed, this factor strongly favors lifting the stay.

### 2. This Lawsuit Has Been Stayed For Three Years, Weighing In Favor Of Lifting The Stay

The purpose of this factor is to ensure that cases are not stayed where the cases could be resolved prior to the re-examination proceedings as that would be an inefficient use of PTO resources. The present case was filed on May 2, 2011, and has made little progress in the past four years. There has yet to be an initial Case Management Conference. GT Nexus argues that nothing has changed since this case was stayed in 2012. To the contrary, GT Nexus has continued its infringement of INTTRA's patents and has continued to compete with INTTRA in the marketplace, using INTTRA's patented technology. Additionally, "the early stage of the litigation must be balanced against the stage of the reexamination proceedings." *SoftView LLC v. Apple Inc.*, No. CIV. 10-389-LPS, 2012 WL 3061027, at *4 (D. Del. July 26, 2012). Here, the CBM reviews have been terminated. As GT Nexus admits, the Federal Circuit, if it addresses the

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Palo Alto

5

INTTRA'S REPLY ISO MOTION TO LIFT
STAY AND REOPEN ACTION;
4:11-CV-02145-SBA

merits, may not schedule oral arguments until the fall. Opp. at 6. Due to the prejudice caused by the extensive delay in this case, this factor favors lifting the stay and pursuing the action.

### 3. A Continuation Of The Stay Unduly Prejudices INTTRA And Provides GT Nexus An Unfair Competitive Advantage

As this Court has noted, a stay where "no PTO proceedings are underway creates a delay to the plaintiffs which is prejudicial." *Tokuyama Corp. v. Vision Dynamics, LLC*, No. C082781SBA, 2008 WL 4532565, at *1 (N.D. Cal. Oct. 9, 2008) (Armstrong, J.). Here, GT Nexus admits that "the PTAB issued a decision terminating the CBM reviews." Opp. at 6. Accordingly, "there is no '*ongoing*' patent reexamination." *Tokuyama*, 2008 WL 4532565, at *1 (emphasis in original).

INTTRA and GT Nexus are direct competitors "increas[ing] the likelihood of undue prejudice." *Interwoven, Inc. v. Vertical Computer Sys., Inc.*, No. C 10-04645 RS, 2012 WL 761692, at *3 (N.D. Cal. Mar. 8, 2012). GT Nexus has been infringing INTTRA's patents for five years with impunity. Due to the stay in this action, GT Nexus has no incentive to modify its behavior. As GT Nexus and INTTRA are primary rivals in the market for booking and tracking containers, virtually every booking made through GT Nexus's infringing platform results in lost revenue to INTTRA. *See SAGE Electrochromics, Inc. v. View, Inc.*, No. 12-CV-06441-JST, 2015 WL 66415, at *5 (N.D. Cal. Jan. 5, 2015) (finding the relationship of the parties "weighs heavily in favor of a finding that undue prejudice could result from a stay" where the parties are the only two competitors in a field, even though a preliminary injunction was not requested). Because the market landscape is changing due to GT Nexus's infringement, INTTRA's harm cannot be fully redressed with money damages. *See Avago Technologies Fiber IP (Singapore) Pte. Ltd. v. IPtronics Inc.*, No. 10-CV-02863-EJD, 2011 WL 3267768, at *5 (N.D. Cal. July 28, 2011) ("Unlike patent infringement actions involving non-practicing entities, infringement among competitors can cause harm in the marketplace that is not compensable by readily calculable money damages."). Because there are no PTO proceedings underway and the parties are direct competitors competing in a market, the third factor strongly favors lifting the stay to allow this

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Palo Alto

6

INTTRA'S REPLY ISO MOTION TO LIFT
STAY AND REOPEN ACTION;
4:11-CV-02145-SBA

action to proceed.

### 4. A Continuation Of The Stay Will Not Reduce Any Burdens Of The Litigation On The Parties Or On The Court

As a preliminary matter, this factor only applies when a CBM review is currently instituted. *See* AIA § 18(b)(1) (setting standards for determining a stay "relating to a transitional proceeding"). Here, there are no ongoing CBM review "proceedings" as the PTAB has "terminated" them. *See* D.I. 73–2 at 5. Accordingly, this factor does not apply.

Even if this factor were to apply, it favors lifting the stay as there are no remaining issues to be addressed by re-examination. All four reviews have been terminated. D.I. 73–2 at 5. As explained above, GT Nexus cannot appeal those terminations. *See St. Jude*, 749 F.3d at 1375. Because GT Nexus's appeal is futile, there is no possibility that CBM review could reduce any burdens of litigation on the parties or on the Court. After nine unsuccessful PTO challenges, it is time for the stay to be lifted. *See Harris Corp. v. Ruckus Wireless, Inc.*, Case No. 6:11-CV-618-ORL-KRS, Hsu-Hoffman Decl. I, Ex. C at 6 (M. D. Fla. Oct. 1, 2014) ("After six Requests for reexamination, there is no indication that maintaining the stay will reduce the burden of litigation."). Accordingly, this factor, to the extent it applies, strongly favors lifting the stay.

### C. This Case Should Not Be Further Stayed Pending GT Nexus's Filing Of A Motion For Summary Judgment

Recognizing that its appeal is futile, to further delay the resolution of this matter, GT Nexus alternatively requests that this Court continue the stay to allow GT Nexus to file motions in this Court, attacking the validity of the patents. This is improper for multiple reasons. First, GT Nexus has already pursued nine unsuccessful proceedings at the PTO while continuing to infringe INTTRA's patents. Further delay will permit GT Nexus to continue to infringe with impunity.

Second, GT Nexus's request is premature as, due to the stay, the Court has not yet construed the claims. As the Federal Circuit explained, "it will ordinarily be desirable—and often necessary—to resolve claim construction disputes prior to a § 101 analysis." *Bancorp Servs., L.L.C. v. Sun Life Assur. Co. of Canada (U.S.)*, 687 F.3d 1266, 1273 (Fed. Cir. 2012). *See Zillow,*

*Inc. v. Trulia, Inc.*, No. C12-1549JLR, 2013 WL 4782287, at *7 (W.D. Wash. Sept. 6, 2013) (denying motion to perform § 101 analysis prior to claim construction); *Sandborn v. Avid Tech., Inc.*, No. CIV.A. 11-11472-FDS, 2013 WL 4784265, at *5 (D. Mass. Sept. 5, 2013) (same); *Data Distribution Technologies, LLC v. BRER Affiliates, Inc.*, No. CIV. 12-4878 JBS/KMW, 2014 WL 4162765, at *8 (D.N.J. Aug. 19, 2014) (same).

      Third, the INTTRA patents are directed to patentable subject matter. Specifically, the INTTRA patents are directed to a novel network architecture that overcame long standing failures by others to create a viable on-line portal for booking and tracking shipping containers. This revolutionary patented system led directly to INTTRA's portal that has enjoyed phenomenal commercial success. As the Federal Circuit recently explained, patents are directed to patentable subject matter when "rooted in computer technology in order to overcome a problem specifically arising in the realm of computer networks" or "a problem that does not arise in the 'brick and mortar' context." *DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245, 1257-58 (Fed. Cir. Dec. 5, 2014)[1]; *see Alice Corp. Pty. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2354, 189 L. Ed. 2d 296 (2014) ("[A]n invention is not rendered ineligible for patent simply because it involves an abstract concept" and "[a]pplications of such concepts to a new and useful end… remain eligible for patent protection."). Indeed, the Court found claims to be patent-eligible even though they were not "as technologically complex as [for example] an improved, particularized method of digital data compression." *DDR*, 773 F.3d at 1259. Just as in *DDR*, the claims in the INTTRA patents are patent eligible and much more than simply an abstract idea.

      Properly analyzed under *DDR*, when the limitations of INTTRA's "claims are taken together as an ordered combination, the claims recite an invention that is not merely the routine or conventional use of the Internet," *id.*, but a novel computer network architecture that solved intractable problems for booking and tracking shipping containers. GT Nexus's arguments to the contrary are as futile as its nine PTO re-examinations and pending appeal. Permitting GT Nexus to further stay this case pending yet another implausible challenge to the patents' validity would

---

[1] The PTAB did not have the benefit of this guidance from the Federal Circuit when making its preliminary determination that CBM reviews should be instituted on the INTTRA patents.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

8

INTTRA'S REPLY ISO MOTION TO LIFT
STAY AND REOPEN ACTION;
4:11-CV-02145-SBA

merely result in further prejudicial delay.

## III. CONCLUSION

For over three years, GT Nexus has improperly manipulated the PTO's review system, which was "designed to provide a cheaper, faster alternative to district court litigation." 157 Cong. Rec. S1360-02. GT Nexus has not seriously defended its claimed ability to appeal the termination of the CBM reviews in view of clear contrary authority, but has serially requested review after review and demanded a continuing stay of the action GT Nexus itself brought, while continuing to compete unfairly with an infringing system. After nine unsuccessful PTO reviews and now a futile appeal, INTTRA respectfully requests that the Court lift the stay, commence this action, and schedule a case management conference at its earliest convenience.

Dated: February 17, 2015

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By */s/ Ahren C. Hsu-Hoffman*
Daniel Johnson, Jr.
Michael J. Lyons
Ahren C. Hsu-Hoffman

Attorneys for Defendant and Counter-Plaintiff, INTTRA, INC.